LTL TRUCK SERVICE, LLC,
Appellant–Plaintiff,

v.

SAFEGUARD, INC. d/b/a Maggart &
Sons, Inc. and Maggart & Sons, Inc.
d/b/a M & S Xpress, Appellees–Defen-
dants.

No. 45A03–0403–CV–142.

Court of Appeals of Indiana.

Nov. 17, 2004.

Edward R. Hall, Merrillville, IN, Attorney for Appellant.

Charles P. Rice, R. John Kuehn, Boveri Murphy Rice & LaDue, South Bend, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

LTL Truck Service, LLC ("LTL") appeals the trial court's dismissal of one plenary action and eight small claims against Safeguard, Inc. d/b/a Maggart & Sons, Inc. and Maggart & Sons, Inc. d/b/a/ M & S Express (together "Safeguard"). LTL presents the following issues for our review:

1. Whether the trial court erred when it granted Safeguard's motion for involuntary dismissal of LTL's eight small claims actions.

2. Whether the trial court erred when it granted Safeguard's motion to dismiss LTL's plenary action under Indiana Trial Rule 12(B)(8).[1]

We affirm.

### FACTS AND PROCEDURAL HISTORY

LTL provides truck repair services. Timothy Majtyka is the president of LTL, and his wife Kim is the bookkeeper. LTL has made repairs to several trucks operated by Safeguard. Over some period of time, LTL allegedly provided approximately $17,000 in services and repairs to Safeguard's trucks for which Safeguard never paid. Safeguard also allegedly stopped payment on a check it had sent to LTL for certain repairs.

On July 30, 2002, LTL filed an action against Safeguard in the Small Claims Division of the Lake Superior Court ("Small Claims No. 3433"). On October 28, 2002, LTL filed seven additional small claims actions against Safeguard ("Small Claims Nos. 4737, 4738, 4739, 4740, 4741, 4742, 4743"). Each small claims action involved multiple invoices related to services LTL had provided to Safeguard. However, each small claims action claimed damages in an amount less than $3,000.

Three days after LTL filed the seven small claims actions, it filed its Complaint for Damages against Safeguard on the plenary docket of the Lake Superior Court.

---

1. We refer to both the small claims division and the Lake Superior Court as "the trial court" throughout this opinion.

LTL's plenary action involved the same four invoices at issue in Small Claim No. 4739, but also alleged a claim for check deception under Indiana Code Section 34–24–3–1.

In November 2002, the trial court consolidated the eight small claims actions for purposes of discovery. The court then scheduled trial on the plenary action and the eight small claims actions for September 9, 2003. The parties were prepared to try the plenary action first, and then proceed to the small claims actions.

The morning of trial on the plenary action, Safeguard moved to dismiss LTL's complaint under Trial Rule 12(B)(8). Safeguard argued that the same case was pending on the small claims docket and, thus, the plenary action, which LTL filed last in time, should be dismissed with prejudice. LTL responded in part that: (1) it had already filed a voluntary motion to dismiss Small Claim No. 4739, which it conceded involved the same invoices as the plenary action; and (2) its plenary action alleged a violation of statutory rights, which distinguished it from Small Claim No. 4739. The trial court granted Safeguard's motion and dismissed LTL's plenary action with prejudice.

The parties then proceeded to trial on LTL's small claims actions. LTL presented testimony from three witnesses, including Timothy and Kim Majtyka. LTL also submitted over 150 pages of documentary evidence, including several invoices. After LTL concluded its case, Safeguard moved for an involuntary dismissal under Trial Rule 41(B), alleging LTL had failed to offer evidence of the amount of damages related to each of the eight small claims actions. In its initial response to Safeguard's motion, the trial court addressed LTL's counsel and stated in part:

> [T]his is one that I've seen coming for about an hour. How can the Court link these invoices up to each specific cause number[?] . . . Forget the rules of evidence. Forget the rules of procedure. Let's just talk good old fashioned substantive preponderance of the evidence. How can I make a ruling on any given cause number here and not have it be completely speculative with regard to which evidence I'm going to designate to which cause number.

Transcript at 246–47. At that point, LTL moved to present additional evidence on the issue of damages. Safeguard objected, and the trial court then explained:

> The law doesn't allow me over objection to allow you to put that piece of paper in now that you've rested. The prejudice here is pretty simple. If I would allow you to re-open I would then be forced to make the defendant put a case on. If I allow that not to go into evidence, the matter is over right now. I can't imagine the Court of Appeals would even issue an opinion other than the word[ ] reversed if I were to allow that in right now. Unless there's some other thing you can guide me with.

*Id.* at 247–48. The court then ordered a brief recess to give LTL an opportunity to consider Safeguard's motion.

After the proceedings reconvened, LTL asserted that the court had sufficient information before it to determine damages. Essentially, LTL argued that based on a review of each small claims complaint, it was possible to determine which invoices matched which complaint because each complaint alleged a specific dollar amount. At that point, Safeguard stated that it had received copies of complaints which contained identical amounts of claimed damages, namely, $767.29.[2] LTL then assert-

---

2. At that point, the trial court spent a consid- erable amount of time going through the

ed that the damages determination was a "ministerial issue[,]" not an evidentiary issue. *Id.* at 269.

After lengthy argument, the trial court agreed with Safeguard and dismissed LTL's eight small claims on two grounds. First, the court determined that because LTL had failed to present evidence matching each invoice to a particular small claims action, the court was left to speculate regarding damages. Second, the court concluded that it had "no choice but to accept the $767.00 dollar amount for each Complaint, and if so, [LTL's] mathematical argument would fail." *Id.* at 271. The court later issued a written order granting Safeguard's motion for involuntary dismissal and entering judgment for Safeguard and against LTL.

Thereafter, LTL filed a Motion to Correct Error under Indiana Trial Rule 59(H), which the trial court denied. LTL then filed an amended motion, wherein it identified which invoices related to each particular small claims complaint. Following a hearing, the trial court denied LTL's motion. This appeal ensued.

**Issue One: Small Claims Actions**

LTL first contends that the trial court erred when it involuntarily dismissed its eight small claims actions and entered judgment in Safeguard's favor. In particular, LTL asserts that the trial court erred when it: (1) concluded that LTL failed to prove its damages for each claim; (2) dismissed LTL's actions under Trial Rule 41(B); and (3) refused to consider the evidence of damages LTL presented in its motion to correct error. We address those arguments in turn.

 LTL had the burden of proof at trial on each of its small claims actions. Accordingly, we apply a negative judgment standard of review. *Cf. City of Dunkirk Water and Sewage Dept. v. Hall*, 657 N.E.2d 115, 116 (Ind.1995) (setting forth standard of review on appeal from small claims action where plaintiffs-appellees prevailed in small claims court). On appeal, we will not reverse a negative judgment unless it is contrary to law. *Stroud v. Lints*, 760 N.E.2d 1176, 1187 (Ind.Ct. App.2002) (citing *Comm'r, Dep't of Envtl. Mgmt. v. RLG, Inc.*, 755 N.E.2d 556, 559 (Ind.2001)). To determine whether the judgment is contrary to law, we consider the "evidence in the light most favorable to the appellee, together with all the reasonable inferences to be drawn therefrom." *Hinojosa v. Board of Public Works & Safety*, 789 N.E.2d 533, 542 (Ind.Ct.App. 2003), *trans. denied.* A "judgment will be reversed only if the evidence leads to but one conclusion and the trial court reached the opposite conclusion." *Id.*

*A. Evidence of Damages*

The trial court granted Safeguard's motion for involuntary dismissal because LTL failed to present evidence showing which particular invoices were related to each of

court's files for each of the eight small claims actions with the attorneys in an attempt to clarify which complaints Safeguard had received and the amount of damages alleged in those complaints. *See* Transcript at 251–71. The parties did not provide us with a complete copy of the court files. Therefore, it is difficult to follow the colloquy between the court and the attorneys on this issue. It appears, however, that some of the court's files contained multiple copies of complaints in the same cause number that alleged different amounts of damages. In addition, some of the damage amounts that appeared on cover sheets and notices of complaints did not match the amounts claimed in the corresponding complaint. As a result, the trial court was concerned whether Safeguard had received proper notice of the alleged damages. In the end, however, Safeguard argued primarily that the court should grant its motion to dismiss because LTL had failed to prove its damages for each small claims action.

its eight small claims actions. LTL claims that the dismissal was error because small claims actions are informal, the trial court found that LTL had otherwise proven its claims against Safeguard, and the determination of damages is a ministerial function, not an evidentiary one.

■ We agree with LTL that the trial of a small claims action " 'shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.' " *Mayflower Transit, Inc. v. Davenport*, 714 N.E.2d 794, 797 (Ind.Ct.App.1999) (quoting Ind. Small Claims Rule 8(A) and *City of Dunkirk*, 657 N.E.2d at 116). Nevertheless, the parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues. *Id.* (citing Ind. Small Claims Rule 4(A)). While the method of proof may be informal, the relaxation of evidentiary rules is not the equivalent of relaxation of the burden of proof. *Id.* It is incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought. *Id.* And as Safeguard points out, the burden of proof with respect to damages is with the plaintiff. *See Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind.Ct.App.2002). Further, a fact finder may not award damages on the mere basis of conjecture or speculation. *Id.*

■ We reject LTL's contention that once the trial court determined that Safeguard owed LTL money, it had no burden to prove its damages in each individual small claims action. *See* Brief of Appellant at 12 ("The fact that LTL neglected to match the invoices to the complaints is irrelevant per the small claims rules."). As the plaintiff, LTL had the burden of proving its damages, and the fact that these were small claims actions does not change that burden. *See Mayflower*, 714

N.E.2d at 797. Further, our review of the record shows that the trial court had repeatedly warned LTL before trial that it would be required to present evidence of its damages for each of the eight small claims actions. In particular, during the hearing on LTL's motion to correct error, the trial court stated in relevant part:

[T]o clarify the record, I was satisfied that you were owed the money. I was satisfied you met that burden.... But I still think the problem is to make the finding [on damages] we've gotta connect the dots. And that was not done. *And we talked about that, [addressing Plaintiff's counsel], not once but up to three times in pre-trials. That if you wanted to proceed in this fashion you had to hook up an invoice to a cause number.* And by 2:00 during the trial when I realized that hadn't happened yet, that's when I realized there was a problem on the horizon.

Appellant's App. at 23 (emphasis added). The record shows that LTL failed to present evidence showing which invoices were related to which of its eight small claims actions. Thus, the trial court did not err when it granted Safeguard's motion for involuntary dismissal.

### B. Trial Rule 41(B)

■ Next, LTL asserts that the trial court erred when it dismissed its small claims actions with prejudice under Trial Rule 41(B). According to LTL, Small Claims Rule 10(A) governs dismissals with prejudice in small claims actions, and LTL did not meet the criteria for dismissal under that rule. Safeguard responds that Trial Rule 41(B) does not conflict with Small Claims Rule 10(A) and that our supreme court has concluded that Small Claims Rule 10 does not govern all dismissals in small claims actions. We agree with Safeguard.

Recently, our supreme court explained the application of the trial and small claims rules in small claims proceedings in relevant part as follows:

Indiana Trial Rule 1 provides that the Trial Rules govern "the procedure and practice in all courts of the state of Indiana in all suits of a civil nature...." Small Claims Rule 1(A) provides that the Small Claims Rules apply "to all small claims proceedings...." The Court of Appeals has held the Trial Rules govern small claims proceedings to the extent the two sets of rules do not conflict, but where the two conflict, the Small Claims Rules apply. *Muenich v. Gulden,* 579 N.E.2d 665, 666 (Ind.Ct. App.1991). We agree.

*Niksich v. Cotton,* 810 N.E.2d 1003, 1005 (Ind.2004). In *Niksich,* the court held in part that a small claims court may grant a defendant's motion to dismiss a plaintiff's notice of small claim under Trial Rule 12(B)(6) if it is apparent from the face of the notice of claim that the plaintiff is precluded from recovery. *See id.* at 1004. In so holding, the court rejected the notions that Trial Rule 12(B) conflicts with Small Claims Rule 10 and that Small Claims Rule 10 sets out "an exclusive list of grounds for dismissal of a small claims action." *Id.* at 1006. Indeed, the court concluded that in addition to Rule 12(B)(6) motions, "[o]ther 12(B) motions may also be appropriate in small claims actions. Lack of personal or subject matter jurisdiction, insufficient process, *and a host of other dispositive issues are properly asserted by motion.*" *Id.* (emphasis added).

Trial Rule 41(B) provides in relevant part:

After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party ... may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

Small Claims Rule 10(A) provides in relevant part: "If the plaintiff fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may dismiss the action without prejudice." The Rule later provides, "If the claim is refiled and the plaintiff again fails to appear such claim may be dismissed with prejudice."

Trial Rule 41(B) and Small Claims Rule 10(A) each address different and specific circumstances. Trial Rule 41(B) addresses a particular dispositive motion a defendant may file after the plaintiff has concluded its presentation of evidence and only in cases tried by the court without a jury. On the other hand, Small Claims Rule 10(A) addresses dismissal of a plaintiff's action when the plaintiff has failed to appear. Contrary to LTL's contention, the two rules do not conflict. Thus, a Trial Rule 41(B) motion for involuntary dismissal is appropriate in small claims actions. *See Niksich,* 810 N.E.2d at 1005 (agreeing with this courts' holding that Trial Rules govern small claims proceedings to the extent two sets of rules do not conflict).

In addition, our supreme court's decision in *Niksich* clarifies that Small Claims Rule 10 does not "set[ ] out an exclusive list of grounds for dismissal of a small claims action" and that "a host of other dispositive issues are properly asserted by motion[ ]" in small claims actions. *Id.* at 1006. We conclude that the trial court did not err when it dismissed LTL's small claims actions under Trial Rule 41(B).

### C. Motion to Correct Error

LTL also argues that even if the trial court properly dismissed its small claims actions after it presented its evidence, the court should have allowed LTL to present the evidence regarding damages by way of a motion to correct error. In particular, LTL contends that "the trial court [erred when it] denied the motion [to correct error] on the basis that new evidentiary material could not be accepted after the trial is over." Brief of Appellant at 12. In support, LTL points out that the rules of evidence do not apply in small claims proceedings, and it directs us to our opinion in *Boostrom v. Bach*, 603 N.E.2d 867 (Ind.Ct. App.1992).[3] But our supreme court granted transfer in that case, thereby vacating our opinion. *See Boostrom v. Bach*, 622 N.E.2d 175 (Ind.1993).

■ Nevertheless, *Boostrom* involved a small claims action brought by a client against her attorney for malpractice. The attorney moved for summary judgment on the client's claim, and he argued on appeal that the client had failed to submit "competent, admissible evidence" in opposition to his motion. *Id.* at 869. The attorney claimed that the client submitted only unverified motions and exhibits that were not authenticated or sworn to in any way. *Id.* The attorney also asserted that while the rules of evidence do not apply in small claims court, the rules are binding at a summary judgment hearing in small claims court. *See id.* We disagreed and concluded that the client had submitted proper evidence. *See id.*

There are no relevant similarities between this case and *Boostrom*. Those relevant portions of *Boostrom* merely stand for the general rule that the rules of evidence do not apply in small claims proceedings. That general rule has no bearing on the trial court's determination in this case that LTL could not attempt to prove damages for each of its small claims actions in its motion to correct error. As we have already explained, the parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues, and while the method of proof may be informal, the relaxation of evidentiary rules is not the equivalent of relaxation of the burden of proof. *See Mayflower*, 714 N.E.2d at 797. LTL's argument amounts to a request that plaintiffs in small claims proceedings be given a second bite at the apple. In other words, LTL maintains that if it failed to meet its burden of proof regarding damages at trial, it should be given a second opportunity to do so in its motion to correct error. While a party may seek to introduce *newly discovered* evidence in a motion to correct error, *see* Ind. Trial Rule 59(A)(1), the evidence regarding LTL's damages was not newly discovered. In sum, we conclude that the trial court's dismissal of LTL's small claims actions is not clearly erroneous.

### Issue Two: Plenary Action

Finally, LTL also asserts that the trial court erred when it granted Safeguard's motion to dismiss its plenary action. Specifically, LTL maintains, again, that Safeguard's motion under Trial Rule 12(B)(8) should have been denied and that the trial court was required to follow Small Claims Rule 10. LTL also contends that it was its choice to decide in which court it would pursue its claim for check deception.

■ Initially, Safeguard moved for dismissal under Rule 12(B)(8) at the begin-

---

**3.** LTL failed to include a Table of Authorities in its brief, which is required under Indiana Appellate Rule 44(C).

ning of the trial in LTL's plenary action. Safeguard did not make its motion in the context of LTL's small claims actions. Thus, LTL's contention that the small claims rules apply, not the trial rules, is not well taken. *See* T.R. 1 (stating trial rules govern procedure and practice in all courts of state in all suits of civil nature).

■ As a general principle, when an action is pending before an Indiana court, other Indiana courts must defer to that court's authority over the case. *Crawfordsville Apartment v. Key Trust Co.*, 692 N.E.2d 478, 479 (Ind.Ct.App.1998). Trial Rule 12(B)(8) implements this principle by allowing dismissal of an action on the grounds that the same action is pending in another Indiana court. *Id.* at 479–80. The rule applies where the parties, subject matter, and remedies are precisely the same, and it also applies when they are only substantially the same. *Id.* at 480 (quotations and citation omitted).

Here, LTL first filed Small Claims No. 4739 and then later filed its plenary action. LTL conceded at trial that both actions involve the same four invoices. In addition, both actions are against Safeguard. Thus, LTL's Small Claims No. 4739 and its plenary action are, at a minimum, substantially the same for purposes of Trial Rule 12(B)(8).[4]

Still, LTL maintains that it was entitled to choose which action to pursue, and the trial court should have granted its motion for voluntary dismissal of Small Claims No. 4739 instead of granting Safeguard's motion to dismiss the plenary action. In support, LTL directs us to *Flint v. Hop-*

kins, 720 N.E.2d 1230 (Ind.Ct.App.1999). In that case, we addressed a party's contention that the small claims court's findings were insufficient to support its judgment and stated in relevant part:

> [S]mall claims court is intended to be informal. Therefore, the portion of Ind. Trial Rule 52 which prescribes a method for obtaining a formalized ruling with special findings from the trial court has no application in small claims court. Thus, a challenge that a small claims court judgment fails to satisfy the special findings requirement of T.R. 52 is not available in an appeal from a judgment entered in small claims court. *Parties who seek more formal litigation and wish to obtain a particularized statement for examination on appeal as provided by T.R. 52 must file their claims in (or transfer their cases to) the plenary docket.*

*Id.* at 1232 (citations omitted, emphasis added). Based on the emphasized language, LTL claims that it was at liberty to "seek more formal litigation" by filing its action on the plenary docket.

We agree with LTL that it could choose to file its plenary action if it wanted a more formalized review of its claim. However, *Flint* does not address the effect Trial Rule 12(B)(8) has on its decision to file the plenary action when (1) it had already filed Small Claims No. 4739, and (2) Small Claims No. 4739 was still pending when it filed the plenary action. In sum, *Flint* is inapposite. We conclude that the trial court did not err when it granted safeguard's motion to dismiss

---

4. LTL asserts that "[t]he dismissal of the plenary case rather than the small claims case deprived LTL of statutory remedies not available to it in the small claims court." Brief of Appellant at 15. In other words, LTL suggests that it sought different remedies in Small Claims No. 4739 and its plenary action. However, LTL does not expand upon its assertion that it was deprived of statutory rights, nor does it provide proper citation to authority. Accordingly, we need not address that assertion. *See* Ind. Appellate Rule 46(A)(8)(a).

LTL's plenary action under Trial Rule 12(B)(8).

Affirmed.

SULLIVAN, J., and BARNES, J., concur.