**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**CONSTANCE L. JONES**
Anderson, Indiana

ATTORNEY FOR APPELLEE:

**ANTHONY S. CHURCHWARD**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

FILED
Jun 28 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CONSTANCE L. JONES, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1110-SC-534 |
| | ) | |
| JEAN L. MARKEY d/b/a | ) | |
| MARKEY BONDING d/b/a | ) | |
| MARKEY BONDS d/b/a | ) | |
| A-AAA BAIL BONDS, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Jennifer L. DeGroote, Magistrate
Cause No. 02D01-1012-SC-22648

**June 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Constance L. Jones appeals the small claims judgment in favor of Jean L. Markey d/b/a Markey Bonding d/b/a Markey Bonds d/b/a A-AAA Bail Bonds, Inc. (hereinafter referred to as "Markey Bonding"). In 2004, Constance's son was arrested and jailed on two sets of criminal charges. Constance paid Markey Bonding bail bond premiums to post bond for her son and to obtain his release from the Allen County Jail. Markey Bonding posted bond for those two sets of charges, and Constance's son was released. However, immediately after he was released, he was arrested on different charges. In 2010, Constance filed a small claims action against Markey Bonding seeking a refund of the bond premiums she paid to Markey Bonding. The small claims court entered judgment in favor of Markey Bonding. Constance presents three issues for our review, which we consolidate and restate as one: whether the small claims court clearly erred when it entered judgment in favor of Markey Bonding. Finding no clear error, we affirm.

## Facts and Procedural History

The facts of this case are agreed upon. On December 21, 2004, Constance's son, Donald Jones, was arrested and charged with armed robbery, escape, and resisting law enforcement under cause number 02D04-0412-MC-2365. On December 22, 2004, the State filed separate charges against Donald for theft, resisting law enforcement, and criminal recklessness under cause number 02D04-0412-MC-2369. On December 22, 2004, Constance went to Markey Bonding to obtain a bail bond for release of her son from the Allen County Jail. The bail amount set on cause number MC-2365 was $45,000. The bail amount set on

2

cause number MC-2369 was $11,500. Accordingly, on December 22, Constance gave Markey Bonding two checks and some cash totaling $5650, which represented the ten-percent bond premium amount for Markey Bonding to post bond and obtain Donald's release on those two sets of charges. Bond was posted by Markey Bonding and received by the clerk of the Allen Superior Court on December 22, 2004.

Donald was released from the Allen County Jail on the evening of December 22, 2004. He was given his personal property and was taken to the exit door by one of the confinement officers. After Donald exited the building and proceeded approximately fifty feet to a public sidewalk, he was immediately arrested by Fort Wayne Police officers based upon probable cause that he had committed additional offenses of robbery and receiving stolen property.

On December 20, 2010, Constance filed a small claims action against Markey Bonding seeking damages in the amount of $5650, the amount that she paid to Markey Bonding for the bond premiums to secure release of her son. A small claims trial was held on August 11, 2011. Constance argued that Donald was never released from custody, and therefore Markey Bonding should refund the premiums she paid. On September 12, 2011, the small claims court entered its order which provided in pertinent part:

> The Court, having taken this matter under advisement, now finds that the Plaintiff has failed to establish by a preponderance of the evidence, that she is entitled to the damages alleged against the Defendant. The Court finds that the Plaintiff's son was "released" in compliance with her posting of a bond. The fact that he was immediately rearrested upon his release for different charges does not result in an obligation of the Defendant to repay the bond posted for the initial charges.

Appellant's App. at 6. This appeal followed.

**Discussion and Decision**

"We review facts from a bench trial under a clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility." *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). This deferential standard of review is particularly important in small claims actions, as the trials are informal and have the sole objective of dispensing speedy justice between parties according to the rules of substantive law. *Id.* Because Constance had the burden of proof at trial, we apply a negative judgment standard of review. *See LTL Truck Serv., LLC v. Safeguard, Inc.*, 817 N.E.2d 664, 667 (Ind. Ct. App. 2004). We will not reverse a negative judgment on appeal unless it is contrary to law. *Id.* A judgment is contrary to law when the evidence, along with all reasonable inferences, is without conflict and leads unerringly to a conclusion opposite that reached by the court. *M.K. Plastics Corp. v. Rossi*, 838 N.E.2d 1068, 1074 (Ind. Ct. App. 2005).

Constance contends that, because Donald was immediately rearrested on different charges following his release from the Allen County Jail, he was never truly "released from custody." Appellant's Br. at 28. Therefore, she argues, Markey Bonding did not earn the bond premiums that she paid to obtain Donald's release.[1] Although Constance believes that the question of whether her son was "released from custody" is a complex legal

---

[1] Constance raises two additional arguments that we conclude bear no relevance to her essential claim for relief. Therefore, we do not directly address those arguments.

4

determination, we disagree and conclude simply that the facts do not support her argument that she is entitled to a refund of the bond premiums paid to Markey Bonding.

Our supreme court has described the process of executing bail through a bail bondsman in relevant part as follows:

> A defendant who executes a bail bond under Indiana Code Section 35-33-8-3.2(a)(1)(A) uses a bail agent, commonly referred to as a bail bondsman. A "bail agent" is a person who has been approved by the Commissioner of the Department of Insurance and appointed by an insurer through a power of attorney to execute or countersign bail bonds for the insurer in connection with judicial proceedings for which the person receives a premium. I.C. § 27-10-1-4. A "premium" is the amount of money the defendant pays the bail agent prior to the execution of the bail bond. I.C. § 27-10-1-8. The premium, which is usually ten percent of the bond, is for the bail agent's services.

*Lake Cnty. Clerk's Office v. Smith*, 766 N.E.2d 707, 709 (Ind. 2002).

> In general terms, "bail bond" is a bond given
>
> to obtain the defendant's release from confinement. The effect of the release on bail bond is to transfer custody of the defendant from the officers of the law to the custody of the surety on the bail bond, whose undertaking is to redeliver the defendant to legal custody at the time and place appointed in the bond.

BLACK'S LAW DICTIONARY 187 (8th ed. 2004). Custody means "[t]he care and control of a thing or person for inspection, preservation, or security." *Id*. at 412. "Physical custody" is the "[c]ustody of a person (such as an arrestee) whose freedom is directly controlled and limited." *Id*. at 1183.

Here, it is undisputed that Markey Bonding acted as a bail agent when it posted bond to obtain Donald's release from confinement on the two sets of charges for which Constance paid the bond premiums. Donald was given his personal items and was escorted to the exit door of the Allen County Jail. He was allowed to leave, his freedom being no longer directly

controlled and limited.  Donald walked approximately fifty feet to a public sidewalk before he was arrested on different charges.  The fact that Donald was quickly arrested on wholly separate charges is of no moment to Markey Bonding.  Markey Bonding did exactly what it was paid to do:  it posted bond and obtained Donald's release on the two sets of charges for which Donald was incarcerated at that time.  We agree with the small claims court that Constance failed to establish by a preponderance of the evidence that she is entitled a refund of the bond premiums.  We cannot say that the evidence, along with all reasonable inferences, is without conflict and leads unerringly to a conclusion opposite that reached by the small claims court.  Accordingly, we affirm.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.