# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 26 2017, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Brian W. Andert
New Castle, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian W. Andert, *Appellant,* | June 26, 2017 |
| | Court of Appeals Case No. 33A04-1609-SC-2019 |
| v. | Appeal from the Henry Circuit Court |
| Cynthia M. Carter, *Appellee.* | The Honorable Bob A. Witham, Judge |
| | Trial Court Cause No. 33C03-1602-SC-176 |

**Barnes, Judge.**

## Case Summary

Brian Andert, pro se, appeals a judgment issued by the small claims division of the Henry County Circuit Court (hereinafter, "small claims court")[1] in favor of Cynthia Carter. We affirm.

## Issue

The sole issue Andert raises is whether the small claims court properly found that he failed to meet his burden of proof regarding his legal malpractice claim against Carter.

## Facts

In 2011, Andert was convicted by a jury of three counts of Class B felony sexual misconduct with a minor and was sentenced to ten years imprisonment. He appealed, and in 2012, this court issued an opinion affirming his convictions. *Andert v. State*, No. 71A05-1109-CR-509 (Ind. Ct. App. May 17, 2012).

In 2013, Andert hired attorney Carter to review his criminal case for issues that could be raised in a petition for post-conviction relief. Per an August 13, 2013 letter that Carter wrote to Andert, the fee she charged to "check out the appellate record from the Indiana Court of Appeals, review it, research the case law, and obtain and review [Andert's] client files" would be $1,500.00. App.

---

[1] Small claims matters are adjudicated in the small claims division of the Henry Circuit Court No. 3. *See* Ind. Code § 33-33-33-8.

Vol. II p. 9.  The letter provided:  "That fee for reviewing the materials includes sending you my written opinion concerning the case and does have to be paid prior to my beginning the work.  If there are good issues, then the $1500 would be pro-rated toward the fee for litigating the case."  *Id*.  Carter received the fee from Andert on September 9, 2013, and she began obtaining the case files and reviewing them.  In a letter dated October 15, 2013, Carter informed Andert that he owed an additional $40.00 fee to cover the costs the law firm that represented him at trial had charged to copy his case file.  After reviewing Andert's case files, Carter wrote an opinion letter to Andert, dated March 4, 2014, explaining her analysis of Andert's case and declining to represent him.

Andert wanted to obtain DVDs, CDs, and other audio recordings that he believed were part of his criminal case file and would be beneficial to a pursuit of post-conviction relief.  It appears that Carter was unable to provide Andert with the items because they were not a part of the case files sent by the attorneys who previously represented Andert.  Andert filed in the small claims court a notice of claim for a refund of the $1,540.00 he paid to Carter, essentially alleging legal malpractice and arguing that the terms for the payment of the fee were not met because Carter failed to provide Andert with the DVDs, CDs, and other audio recordings he requested.  On August 1, 2016, the small claims court issued an order determining that Andert "failed to meet his burden of proof in [his] case and therefore . . . shall take nothing on his claim."  *Id*. at 53.  Andert now appeals.

## Analysis

[6] The small claims court determined that Andert failed to meet his burden of proof regarding his claim against Carter. Because the small claims court's decision was not in Andert's favor, he is appealing from a negative judgment. On appeal, we will not reverse a negative judgment unless it is contrary to law. *LTL Truck Serv., LLC v. Safeguard, Inc.,* 817 N.E.2d 664, 667 (Ind. Ct. App. 2004). To determine whether the judgment is contrary to law, we consider the evidence in the light most favorable to the appellee, together with all the reasonable inferences to be drawn therefrom. *Id.* A judgment will be reversed only if the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.*

[7] When a trial court enters a general judgment, as the small claims court did here, the judgment will be affirmed if it can be sustained upon any legal theory consistent with the evidence. *Helmuth v. Distance Learning Sys. Ind., Inc.,* 837 N.E.2d 1085, 1089 (Ind. Ct. App. 2005). "In making this determination, we neither reweigh the evidence nor judge the credibility of witnesses." *Id.* "Rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom." *Id.*

[8] Carter did not file a response brief. Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a prima facie showing of reversible error. *Morton v. Ivacic*, 898

N.E.2d 1196, 1199 (Ind. 2008). Prima facie error is error "at first sight, on first appearance, or on the face [of] it." *Id.*

[9] Andert argues that the small claims court erred in determining that he failed to meet the burden of proof on his claim because he established that he and Carter had a contract, that Carter had "a contractual obligation," and that Carter "failed to meet that contractual obligation." Appellant's Br. p. 5. He contends that Carter's failure to secure the DVDs, CDs, and other audio recordings that he believed were contained in his case file was due to incompetence and lack of diligence. Andert's argument, however, essentially is a claim for legal malpractice. *See Alvarado v. Nagy*, 819 N.E.2d 520, 525 (Ind. Ct. App. 2004) (holding that plaintiff's complaint stated a claim for legal malpractice). To establish legal malpractice, Andert was required to demonstrate that he: 1) employed Carter (the duty), 2) who failed to exercise ordinary skill and knowledge (the breach), 3) proximately causing (causation), 4) damage to him (damages). *See Rice v. Strunk*, 670 N.E.2d 1280, 1283-84 (Ind. 1996). "In Indiana, an attorney is generally required to exercise ordinary skill and knowledge." *Clary v. Lite Machines Corp.*, 850 N.E.2d 423, 432 (Ind. Ct. App. 2006) (internal quotations, citations, and footnotes omitted). "[T]o succeed in a legal malpractice claim, the plaintiff must prove, among other things, that the attorney breached that duty." *Id.* The small claims court found that Andert did not sustain his burden of proof on his legal malpractice claim. We agree.

[10] Andert hired Carter to review his criminal case for issues that could be raised in a post-conviction relief petition. Carter informed Andert that the fee for her

services was $1,500.00 and that the fee included Carter preparing a written opinion letter on the case. Andert paid the fee, and Carter obtained Andert's case files, reviewed the case files and the record from Andert's direct appeal, and wrote an opinion letter to Andert that explained her analysis of his case. The forty-dollar additional charge was for copy fees to obtain his case file. When Carter received Andert's case files, the DVDs, CDs, and other audio recordings were not included.

[11] Carter provided Andert with the services promised for the fee charged. Andert has not shown that Carter breached her duty to exercise ordinary skill and knowledge in performing her services. The small claims court determined that Andert failed to carry his burden of proof on his legal malpractice claim. It did not err in making its determination.

## Conclusion

[12] For the foregoing reasons, the judgment of the small claims court is affirmed.

[13] Affirmed.

Baker, J., and Crone, J., concur.