

**FILED**

Oct 17 2019, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Kay Kim
Charles Chuang
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
VILLAGE AT EAGLE CREEK
HOMEOWNERS ASSOCIATION,
INC.

David E. Jacuk
Tanner Law Group
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
MUHAMMED JAVED AND
ANDLEEB JAVED

Steven St. John
Skiles DeTrude
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kay Kim and Charles Chuang,

*Appellants-Plaintiffs,*

v.

Village at Eagle Creek
Homeowners Association, Inc.
and Muhammed Javed and
Andleeb Javed,

*Appellees-Defendants.*

October 17, 2019

Court of Appeals Case No.
19A-SC-970

Appeal from the
Marion County Small Claims
Court

The Honorable
A. Douglas Stephens, Judge

Trial Court Cause No.
49K05-1811-SC-4090

**Kirsch, Judge.**

[1] Kay Kim and Charles Chuang (together, "Plaintiffs") appeal the small claims court's order dismissing their small claims action against the Village at Eagle Creek Homeowners Association, Inc. ("VEC") and Muhammed Javed and Andleeb Javed. The Plaintiffs raise several issues for our review, which we restate and consolidate as: whether the small claims court erred when it dismissed Plaintiffs' small claims action with prejudice for failure to attend mediation.

[2] We reverse and remand.

## Facts and Procedural History

[3] This case arises from an incident in which Plaintiffs' dogs were allegedly bitten by another dog in the outside common area of their condominium complex. The dog that allegedly bit their dogs was owned by tenants of a unit in the complex. On November 7, 2018, Plaintiffs filed a small claims action against VEC, seeking damages for the treatment sought for their dogs. *Appellants' App. Vol. II* at 22. On December 13, 2018, VEC filed a motion to dismiss. *Id*. at 14. Plaintiffs opposed the motion and later added Muhammed Javed and Andleeb Javed ("the Javeds"), the owners of the unit where the dog that allegedly bit their dogs resided, thus making VEC and the Javeds defendants (collectively, "Defendants"). *Id.* at 14-16.

[4] On December 28, 2018, the small claims court denied VEC's motion to dismiss and ordered the parties to alternative dispute resolution, which included mediation or arbitration. *Appellees' App. Vol. 2* at 2. On January 28, 2019, the

small claims court provided a panel of four mediators, from which the parties were to each strike one. *Id*. at 5. After the small claims court had provided this list, Plaintiffs filed their own list of mediators, which was stricken by the small claims court the same day. *Appellants' App. Vol. II* at 19, 82-83. Despite being ordered to participate in mediation, Plaintiffs filed a motion for summary judgment on February 25, 2019, which was stricken by the small claims court. *Id*. at 19.

[5]     After the parties each struck a mediator from the panel provided by the small claims court, Mark Matheny ("Matheny") was the remaining proposed mediator and was appointed to the case on February 28, 2019. *Id*. On March 13, 2019, Matheny contacted the parties to obtain a date for mediation and explained his fee schedule. *Id*. at 91. He explained that his fee was $200 per hour which was to be split equally between the parties and that a retainer of $300 was to be paid by both sides. *Id*. Shortly after receiving Matheny's email, Plaintiffs responded that the mediation fee of $200 per hour was to be split among the three parties and that Plaintiffs' portion of the fee should not exceed more than $70. *Id*. at 92. Plaintiffs further informed Matheny that their demand of $591 plus court costs and mediation costs was not negotiable and "will not change." *Id*. Twenty-one minutes later, Plaintiffs emailed Matheny, again reiterating their position and stating that they would not pay more than $70 for mediation and that they would walk out of mediation within the first half hour. *Id*. at 93. Three minutes after this second email, Plaintiffs emailed Matheny, informing him that they would bring two checks of $35 to the

mediation so that one check could be given back after a half hour of mediation. *Id*.

On March 18, 2019, Matheny filed a "Report of Mediator and Resignation of Mediator" with the small claims court. *Id*. at 94. In the report, Matheny stated that "Plaintiff, Kay Kim, has indicated that she would not be participating in the mediation under the terms set forth in the mediator's Agreement to Mediate." *Id*. He further informed the court that due to the correspondence between Plaintiffs and himself, he felt that he was "now in an adversarial relationship with the Plaintiff[s] and can no longer act as mediator in this cause of action and would tender his resignation as mediator." *Id*. Matheny additionally stated that "no mediation ha[d] taken place, no mediation ha[d] been scheduled, nor ha[d] the parties agreed to the terms of mediation at this point." *Id*.

On March 20, 2019, the small claims court *sua sponte* set a Rule to Show Cause hearing and ordered Plaintiffs to appear and show cause as to why they should not be held in contempt for failing to attend mediation; if Plaintiffs failed to appear and show good cause, the action could be dismissed. *Appellees' App. Vol. 2* at 7-8. Plaintiffs filed an answer to the Rule to Show Cause order and, for the first time, requested a pro bono mediator be appointed. *Appellants' App. Vol. II* at 98. On April 26, 2019, the parties appeared at the Rule to Show Cause hearing, and the small claims court heard evidence. At the conclusion of the hearing, the small claims court issued an order dismissing Plaintiffs' case with prejudice, finding that Plaintiffs "refuse to attend court-ordered mediation" and

that Plaintiffs "want to set the cost of mediator and indicate they will not change [their] position." *Id*. at 8. Plaintiffs now appeal.

## Discussion and Decision

[8] Plaintiffs argue that the small claims court erred when it dismissed their action against Defendants with prejudice based on Plaintiffs' refusal to attend mediation. Because the small claims court's decision was not in Plaintiffs' favor, they are appealing from a negative judgment. On appeal, we will not reverse a negative judgment unless it is contrary to law. *Johnson v. Blue Chip Casino, LLC*, 110 N.E.3d 375, 378 (Ind. Ct. App. 2018) (citing *LTL Truck Serv., LLC v. Safeguard, Inc.,* 817 N.E.2d 664, 667 (Ind. Ct. App. 2004)), *trans. denied*. In determining whether a judgment is contrary to law, we consider the evidence in the light most favorable to the appellee, together with all the reasonable inferences to be drawn therefrom. *Id.* A judgment will be reversed only if the evidence leads to but one conclusion, and the trial court reached the opposite conclusion. *Id.*

[9] The small claims court dismissed Plaintiffs' case after finding that Plaintiffs "refuse to attend court-ordered mediation" and that Plaintiffs "want to set the cost of mediator and indicate they will not change [their] position." *Appellants' App. Vol. II* at 8. However, although the small claims court ordered the parties to alternative dispute resolution, including mediation or arbitration, and the Plaintiffs failed to comply with mediation, pursuant to the Indiana Rules for Alternative Dispute Resolution, they are not applicable to small claims court

cases. Indiana Rule for Alternative Dispute Resolution 1.4 states, "[t]hese rules shall apply in all civil and domestic relations litigation filed in all Circuit, Superior, County, Municipal, and Probate Courts in the state." The Marion County small claims courts are not included in this rule; therefore, cases filed in these courts are not subject to the rules, and the parties in these cases cannot be ordered to alternative dispute resolution, including mediation or arbitration. In the present case, therefore, contrary to the order by the small claims court, the parties could not be ordered to mediation.[1]

[10] Under Indiana Small Claims Rules, the "sole objective" of the informal proceedings is "dispensing speedy justice between the parties according to the rules of substantive law" and the proceedings "shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence . . . ." Ind. Small Claims Rule 8(A). We find that the inapplicability of the Indiana Alternative Dispute Rules to small claims cases furthers this objective in that barring alternative dispute resolution streamlines the small claims procedure and brings about "speedy justice between the parties." *Id*. Because the Indiana Alternative Dispute Rules are not applicable to small claims cases in Marion County, we find that the small claims court in the present case erred when it

---

[1] Although we hold that parties cannot be ordered to participate in alternative dispute resolution in Marion County small claims proceedings, our holding does not bar parties in those small claims proceedings from being compelled to participate in alternative dispute resolution when they have contracted to be subject to such processes.

dismissed Plaintiffs' case for refusing to attend mediation. We, therefore, reverse the small claims court's dismissal and remand for further proceedings.

[11] Reversed and remanded.

Baker, J., and Crone, J., concur.