## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 12 2020, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam M. Sworden
Sworden Law, P.C.
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

Adrian Guzman Sr.
Law Office of Adrian Guzman
Lake Station, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Juana Maria Ambriz de Williams, *Appellant-Plaintiff,* <br><br> v. <br><br> Adrian Guzman Jr., *Appellee-Defendant* | March 12, 2020 <br><br> Court of Appeals Case No. 19A-SC-691 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable David L. Chidester, Judge <br><br> Trial Court Cause No. 64D04-1807-SC-2580 |

**Vaidik, Judge.**

# Case Summary

[1]     A plaintiff in a trespass action must prove that she was in possession of the land and that the defendant entered the land without right.  If the plaintiff proves

both elements, she is entitled to nominal damages without proof of injury. Here, the trial court entered judgment for Adrian Guzman Jr. on Juana Maria Ambriz de Williams's trespass claim. Although we agree with Williams that she proved that Guzman entered her land without right, entitling her to nominal damages, we do not reverse a trial court's judgment if the only purpose is to award nominal damages. Accordingly, we affirm the trial court's judgment in favor of Guzman.

# Facts and Procedural History

In 2018, Williams lived on Blarney Stone Drive in Valparaiso. Williams owned a German Shepherd named Zeke, who mainly stayed in her fenced-in backyard. Williams posted a "private property" sign on her fence. Tr. pp. 34, 79-80. In the spring of 2018, Williams hired Guzman to mow her lawn. While mowing Williams's lawn on June 25, Guzman was concerned about Zeke's health and took a picture of him. He sent the picture to his mother, who then sent it to one of Williams's neighbors. The next day, June 26, Porter County Animal Control contacted Guzman and told him that they had received "multiple complaints" about Zeke. *Id.* at 64. They asked Guzman if he could "take pictures" of Zeke and "write a letter" so that they could "build up evidence" in order to "seize the dog." *Id.* at 63.

Without permission from Williams, Guzman returned to her house on June 26 and took pictures of Zeke from "over the fence," as the gate to Williams's backyard was locked. *Id.* at 64. Later that day, a different neighbor told

Williams that someone had been in her yard. Williams viewed her security-camera footage and suspected that it was Guzman. She then texted Guzman, and he said that he had been in her side yard looking for a part that had fallen off his mower.

[4] The next day, June 27, Williams unlocked the gate to her backyard so that Guzman could "try and find [the] lost part that he represented." *Id.* at 11. Later that day, Guzman entered Williams's fenced-in backyard using the unlocked gate and took pictures of Zeke. Guzman then sent the pictures and a letter to Animal Control. In the letter, Guzman explained that Zeke's health had recently declined and that he could see Zeke's "rib cage clearly." Ex. 5. Guzman also said that there was no dog food in sight and that the only water was out of Zeke's reach.

[5] Animal Control went to Williams's house on the morning of June 29. It was around 80 degrees and Zeke was in the backyard. Animal Control told Williams that they had received a complaint about Zeke "a few days prior." Tr. p. 23. In addition, Animal Control was concerned about how long Zeke had been outside that day and "about water, shelter, temperature," and food for Zeke. *Id.* at 28. Animal Control seized Zeke, who weighed sixty-five pounds. On July 5, the State charged Williams with cruelty to an animal and harboring a non-immunized dog. *See* 64D03-1807-CM-6318.

[6] On July 13, Williams filed a trespass complaint against Guzman in Porter County small claims court. A hearing was held in January 2019. At the time,

Zeke was still in the custody of Animal Control, and they were charging Williams $450/month to board him. Williams presented records from her veterinarian that Zeke was healthy and not malnourished at that weight. Guzman admitted entering Williams's property on June 26 and 27 to take pictures of Zeke and that he lied to Williams about why he was at her house on June 26. Williams asked the court to award her $5,650.35 in damages: $300 for the purchase price of Zeke, $3,150 to board Zeke for seven months, and $2,220.35 in legal fees and costs. Ex. 11. The court concluded as follows:

> The tort of trespass is confined to damage[] done to the land/property. *Prosser* § 13, page 66-67. [Guzman] did not damage [Williams's] property. He came upon the property. Judgment for [Guzman].
>
> * * * * *
>
> [Williams's] primary claim is that [Guzman's] trespass and deceit caused her dog, Zeke, to be taken by animal control, wrongfully she argues, which has caused her [to suffer the] loss of her pet, attorney fees and criminal charges to be defended.
>
> However, [Guzman's] actions are not the proximate cause of [Williams's] injuries. The actions of Porter County Animal Control caused the taking of her dog, not [Guzman's] actions. Animal Control could have discounted or rejected [Guzman's] complaints of Zeke being abused.

Appellant's App. Vol. II p. 7. Accordingly, the court entered judgment for Guzman. Williams filed a motion to correct error, which the court denied.

Thereafter, the criminal charges against Williams were dismissed, and Zeke was returned to her.

[7] Williams now appeals.

# Discussion and Decision

[8] Williams appeals the trial court's judgment for Guzman. Because the court's decision was not in Williams's favor, she is appealing from a negative judgment. On appeal, we will not reverse a negative judgment unless it is contrary to law. *LTL Truck Serv., LLC v. Safeguard, Inc.,* 817 N.E.2d 664, 667 (Ind. Ct. App. 2004). To determine whether a judgment is contrary to law, we consider the evidence in the light most favorable to the appellee, together with all the reasonable inferences to be drawn therefrom. *Id.* A judgment will be reversed only if the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.*

[9] Williams argues that the record "clearly shows" that Guzman trespassed on her land and that therefore the trial court should have entered judgment in her favor. Appellant's Br. p. 11. In addition, she claims that the court should have awarded her compensatory damages for $5,650.35 or, at the very least, nominal damages. *See id.* at 13.

[10] A plaintiff in a trespass action must prove that she was in possession of the land and that the defendant entered the land without right. *Duke Energy of Ind., LLC v. City of Franklin*, 69 N.E.3d 471, 482 (Ind. Ct. App. 2016); *Ind. Mich. Power Co.*

*v. Runge*, 717 N.E.2d 216, 227 (Ind. Ct. App. 1999), *reh'g denied*. "If the plaintiff proves both elements [s]he is entitled to nominal damages without proof of injury." *Sigsbee v. Swathwood,* 419 N.E.2d 789, 799 (Ind. Ct. App. 1981); *see also* 28 Ind. Law Encyc. *Trespass* § 19 (Dec. 2019 update) ("Every trespass to real property is considered to result in legal injury, entitling the plaintiff to at least nominal damages."). "If the plaintiff proves any additional injury, proximately resulting from the trespass, the plaintiff is entitled to compensatory damages." *Sigsbee*, 419 N.E.2d at 799.

[11] We agree with Williams that she proved that Guzman entered her land without right and therefore was entitled to nominal damages. However, this doesn't necessarily require reversal. We do not reverse an erroneous judgment if the only purpose is to award nominal damages. *See Schneider v. Town of Princes Lake*, 145 Ind. App. 66, 249 N.E.2d 508, 510 (1969) ("Even if it be conceded that appellant was entitled to nominal damages, we cannot reverse the case for failure to assess such damages." (quotation omitted)).

[12] Williams also argues that she is entitled to compensatory damages, not just nominal damages. We disagree. To be entitled to compensatory damages, Williams had to prove that Guzman's trespass proximately caused her additional injury. In other words, Williams had to prove that Guzman's trespass proximately caused Zeke to be taken from her. "Proximate cause requires, at a minimum, that the harm would not have occurred but for the defendant's conduct." *Bader v. Johnson*, 732 N.E.2d 1212, 1218 (Ind. 2000). While Guzman's trespass might have proximately caused Animal Control to **go**

**to Williams's house**, it did not proximately cause Animal Control to **seize Zeke**. As Williams herself testified, Animal Control didn't seize the dog until it observed the conditions of her property and Zeke and spoke to Williams. *See* Tr. pp. 27-28. If Animal Control thought everything looked okay, it could have left Zeke there and gone on its way. *See* Appellant's App. Vol. II p. 7 (trial court noting that Animal Control could have "discounted or rejected" Guzman's complaint). Because Guzman's trespass did not proximately cause the seizure of Zeke, Williams is not entitled to compensatory damages from him.[1] We therefore affirm the trial court's judgment in favor of Guzman.

[13]     Affirmed.

Najam, J., concurs in result with separate opinion.

Tavitas, J., concurs.

---

[1] Williams also suggests that Guzman committed "trespass to chattel," i.e., Zeke. *See* Appellant's Br. pp. 10, 13. To prove trespass to chattel, the plaintiff must show that (1) the defendant dispossessed the plaintiff of the plaintiff's chattel; (2) the defendant impaired the chattel's condition, quality, or value; (3) the defendant deprived the plaintiff of the use of the chattel for a substantial time; or (4) the defendant harmed some other thing in which the plaintiff had a legally protected interest. *Coleman v. Vukovich*, 825 N.E.2d 397, 407 (Ind. Ct. App. 2005); *Terrell v. Rowsey*, 647 N.E.2d 662, 666 (Ind. Ct. App. 1995). There are two problems with this argument. One, Williams only alleged trespass to land in her complaint. *See* Complaint for Damages, No. 64D04-1807-SC-2580 (July 13, 2018) ("Guzman was not licensed to be on the Property [defined earlier in the complaint as Williams's house] on June 26, 2018 and June 27, 2018[.] Guzman trespassed on Williams' Property on June 26, 2018 and June 27, 2018[.] As a result of Guzman's trespass, Williams has been damaged in an amount to be shown at trial[.]" (formatting altered)). Two, if anyone trespassed on Williams's chattel (Zeke), it was Animal Control, not Guzman.

Williams alternatively frames her claim for relief as fraudulent misrepresentation—that Guzman lied to her about why he was at her house on June 26 in order to get access to her backyard to take more pictures of Zeke. That claim fares no better than the trespass claim. Animal Control's actions—not Guzman's lie—proximately caused Williams's alleged damages. Accordingly, we affirm the trial court's judgment in favor of Guzman on the misrepresentation claim.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Juana Maria Ambriz de Williams, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> Adrian Guzman, <br><br> *Appellee-Defendant* | Court of Appeals Case No. 19A-SC-691 |

**Najam, Judge, concurring in result.**

[14] I concur in the majority's decision to affirm the trial court but not in its qualification of the trial court's judgment for Guzman on Williams' trespass claim. The majority affirms yet departs from the judgment when it agrees that (1) Williams proved her trespass claim and (2) she is entitled to nominal damages, except that this court does not reverse a trial court's judgment if the only purpose is to award nominal damages. Instead, I would affirm the trial court's judgment without any such reservation or qualification.

[15] The evidence shows and the trial court found that when Guzman entered onto Williams property, he was acting for and on behalf of Porter County Animal Control. Under the doctrine of respondeat superior, Porter County Animal Control rather than Guzman would be accountable if the alleged trespass is not subject to qualified immunity. Thus, Williams has sued the wrong party, and Guzman is not liable individually, even for nominal damages.

[16] As we have explained: "Under the doctrine of respondeat superior, vicarious liability will be imposed upon an employer whose employee commits a tort while acting within the scope of employment." *Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420, 434 (Ind. Ct. App. 2016). "By definition, respondeat superior requires that there be an underlying tort in the first place and that the underlying tort *be incidental to the employee's authorized conduct* or, to an appreciable extent, done to further the employer's business." *Id.* (emphasis added). Whether an employment relationship exists "is a question of fact." *Konkle v. Henson*, 672 N.E.2d 450, 457 n.8 (Ind. Ct. App. 1996).

[17] The trial court here found that the Guzman was not acting on his own account but, in effect, was employed as an agent of animal control when the court found that animal control had "asked . . . [Guzman to] go back to [Williams'] property and get more pictures (a quasi-informal deputization), which he did." Appellant's App. Vol. II at 6. In other words, Guzman's conduct is attributable to animal control, and the court so held when it said it was "[t]he actions of Porter County Animal Control [that] caused the taking of [Williams'] dog, not [Guzman's] actions." *Id.* at 7. Thus, when the trial court states that Guzman's

"actions are not the proximate cause of [Williams'] injuries" and that "Porter County Animal Control caused the taking of her dog," the court is also saying that Guzman's conduct was not that of a private citizen but was attributable to the government.

[18] The court's findings and judgment are supported by the record. Guzman, a young neighbor whom Williams had hired to mow her yard, had concerns that Williams' dog was malnourished and abused. He took a photograph of the dog and sent it to his mother, which Williams does not suggest was inappropriate in any way. That photograph found its way to animal control, and an animal control officer then sent Guzman a text message stating that animal control "need[ed Guzman] to . . . build up evidence . . . to seize the dog." Tr. at 63. With that direction, Guzman then entered onto Williams' property on June 26 and June 27 to obtain more photographs of the dog, which resulted in animal control's subsequent seizure of the dog. Animal control held the dog for seven months, and criminal charges were filed against Williams.

[19] Although the unauthorized entry onto the land of another constitutes a trespass, that does not mean that Guzman's entry onto Williams' land on June 26 and June 27 was "unauthorized." *Reed v. Reid*, 980 N.E.2d 277, 294 (Ind. 2012). To the contrary, animal control officers recruited and directed Guzman to enter onto Williams' land to gather evidence to save the dog. Both the law and the facts support the trial court's finding that, in effect, Guzman was acting "incidental to [animal control's] authorized conduct" when he entered onto

Williams' property for the purpose of preventing or mitigating an apparent charge of animal neglect. *See Ali,* 53 N.E.3d at 434.

[20] Accordingly, if Williams were to have a trespass claim, it would run against Porter County Animal Control, not Guzman. If Williams believes animal control committed a tort by sending an agent onto her property, she must first give notice under the Indiana Tort Claims Act. And, under that act, a government employee acting within the scope of the employee's employment is not liable if a loss results from "[e]ntry upon any property where the entry is expressly or impliedly authorized by law." Ind. Code § 34-13-3-3(13) (2019). In other words, to demonstrate that the trial court's judgment is contrary to law, Williams must show either (1) that the court's findings are not supported by the evidence, which, again, she cannot do, or (2) that the Indiana Tort Claims Act does not apply here, which she does not attempt to do. *See* Ind. Appellate Rule 46(A)(8)(a). Thus, Williams fails to show *any* error in the trial court's judgment.

[21] I would also affirm the trial court's rejection of Williams' claim that Guzman committed fraudulent misrepresentation when he gave a false pretext as his reason for entering onto her property on June 27. Animal control placed Guzman in an untenable position when it requested that he do animal control's work. Guzman apparently thought that meant he had to come up with a cover story, but that alone is not grounds for liability against him.

In sum, Guzman was recruited and deputized to do the government's work. As such, any trespass claim Williams may have or assert would be against Porter County Animal Control under the doctrine of respondeat superior. I would affirm the trial court in all respects. Thus, I concur in the result to affirm the trial court's judgment.