Eric **WELLS**, Appellant–Defendant,

v.

**TRINITY UNIVERSAL INSURANCE CO.**, Appellee–Plaintiff,

v.

Dawn **MANN**, Defendant.

No. 02A03–9411–CV–418.

Court of Appeals of Indiana.

July 31, 1995.

Jack E. Roebel, Fort Wayne, for appellant.

Parker L. Moss, Moss, Crowell, Harris, Yates & Long, Fort Wayne, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Eric Wells appeals from a judgment entered in favor of appellee-plaintiff Trinity Insurance Co. ("Trinity") in an action brought by Trinity seeking to recover under its right of subrogation after having paid out damages on behalf of its insured, Stephen Bickel, following an automobile accident. The facts relevant to appeal are summarized below.

On April 28, 1993, Kurt Gregory took a BMW belonging to Carlton Motors located in Allen County, Indiana for a test drive. En route back to the dealership, Rhonda Thompson, Stephen Bickel, Eric Wells, and Dawn Mann were operating their cars behind Gregory. Heading in an easterly direction on Jefferson Boulevard, Gregory stopped suddenly to make a left turn into Carlton Motors. Directly behind Gregory was Thompson who was in front of Bickel. Both Thompson and Bickel were able to come to a safe stop behind Gregory. However, Wells was unable to stop and struck the rear of Bickel's car causing it to collide with Thomp-son's vehicle. Thereafter, Mann struck Wells' car.

Based on the above, Trinity filed this action against Wells and Mann in the Small Claims Division of the Allen Superior Court. At the hearing, both Wells and Mann argued that Gregory was partially at fault for the collision. However, finding that the defendants had an affirmative duty to raise a non-party defense in their pleadings, the trial court specifically found that it could not consider Gregory's liability, if any. Thereafter, the trial court found Wells to be 100% at fault. Judgment was entered in favor of Trinity and against Wells in the amount of $2,030.71. This appeal ensued.

Citing Ind.Small Claims Rule 4(A), Wells' sole argument on appeal is that the trial court erred in failing to consider Gregory's liability due to Wells and Manns' failure to plead the non-party affirmative defense. S.C.R. 4 provides in pertinent part,

> "**(A) Preservation of Defenses.** All defenses shall be deemed at issue *without responsive pleadings,* but this provision shall not alter the burden of proof."

(Emphasis added.)

In *Lechner v. Reutepohler* (1989), Ind. App., 545 N.E.2d 1144, 1145–46, this Court found that litigants are not required to plead the statute of limitations affirmative defense in small claims court. Nonetheless, in *Lechner,* the defense was deemed waived. In arriving at its holding, this Court reiterated that while responsive pleadings are not required by S.C.R. 4(A), the burden of proof remains the same. *Id.* Since the defendant in *Lechner* made no mention of the defense during trial but instead brought it to the court's attention for the first time in his motion to correct error, he failed to meet his burden of proof and, thus, waiver was deemed appropriate.

Here, as in *Lechner,* Wells and Mann were not required to plead a non-party defense. *See* S.C.R. 4(A). Unlike the defendant in *Lechner,* however, the issue was not waived. Both Wells and Mann attempted to litigate Gregory's liability without success. The trial court rejected their efforts by making a specific finding that their failure to plead the

non-party defense prevented it from even considering Gregory's liability. This being contrary to the mandate of S.C.R. 4, the cause is reversed and remanded to the trial court for a new trial.

Reversed and remanded.

STATON and FRIEDLANDER, JJ., concur.