FILED

Feb 28 2019, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

David A. Singleton
Chad E. Romey
BLACKBURN & GREEN
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Kelly A. Roth
AMERICAN FAMILY INSURANCE
LEGAL DEPARTMENT
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Martin,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Jose Ramos,<br>*Appellee-Defendant.* | February 28, 2019<br><br>Court of Appeals Case No.<br>18A-SC-1648<br><br>Appeal from the Allen Superior<br>Court<br><br>The Honorable Craig J. Bobay,<br>Judge<br><br>The Honorable Thomas P. Boyer,<br>Magistrate<br><br>Trial Court Cause No.<br>02D01-1801-SC-1548 |

**Bailey, Judge.**

# Case Summary

David Martin ("Martin") filed a Notice of Claim in the Allen Superior Court Small Claims Division, alleging that he had sustained physical injuries in a vehicular collision with Jose Ramos ("Ramos"). The trial court found Ramos to be 100% at fault for the collision but denied Martin damages, concluding that Martin had not established causation. Martin filed a motion to correct error, which was denied, and he now appeals. We reverse and remand.

# Issues

Martin presents two restated issues for review:

I. Whether expert medical testimony is unnecessary in small claims proceedings designed to administer justice expediently; and

II. Whether the trial court misapplied the law in determining that Martin had not established causation.

# Facts and Procedural History

Martin filed a Notice of Claim on January 30, 2018. A bench trial was conducted on April 30, 2018 but it was not recorded. Pursuant to Indiana Appellate Rule 31, the trial court certified a Statement of Evidence.[1] We derive

---

[1] Indiana Appellate Rule 31(A) provides in part: "If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources,

our recitation of facts from that Statement of Evidence, which provides in relevant part:

> The Plaintiff testified that he was stopped while traveling on West Creighton Avenue in Fort Wayne, Indiana, when his vehicle was struck from the rear by a vehicle being driven by the Defendant, Jose Ramos.
>
> Plaintiff further testified that he received treatment as a result of the collision at Lutheran Hospital, where he complained of pain in the following areas:
>
> > a.  at the base of the left side of the skull;
> >
> > b.  along the left side of his neck;
> >
> > c.  in the center of his neck;
> >
> > d.  in the mid axillary region under his left arm; and
> >
> > e.  in his left shoulder.
>
> He rated his pain as a seven (7) out of ten (10), with ten being the greatest amount of pain.
>
> Plaintiff further testified that a CT scan of his cervical spine showed some preexisting conditions.  He testified that he had

which may include the party's or the attorney's recollection.  The party shall then file a motion to certify the statement of evidence with the trial court[.]"

experienced pain in his neck prior to the wreck, but the wreck caused increased pain for a period of time.

Prior to discharge from Lutheran Hospital, the Plaintiff had to be cleared by a neurosurgeon, Dr. Jeffrey Kachmann, because the CT scan of his head showed "left front post traumatic subarachnoid hemorrhage."

Plaintiff was released from the hospital after agreeing that he was required to have someone with him at all times. Dr. Kachmann told the Plaintiff to be on guard for any possible neurological changes, including seizures, weakness, numbness, or tingling in the legs. Plaintiff testified that this warning made him very worried as he left the hospital.

Plaintiff testified that he later visited Parkview Physicians Group on January 11, 2017, due to ongoing back pain and neck stiffness since the collision. His pain was achy generally, but sharp if he bent forward. The pain was underneath his shoulder blades toward the middle of the back. He also complained of sharp pain in his left arm when he reached backwards. He was told to return in four weeks, but his pain remained intense and he returned on January 26 with continued complaints of neck pain. His back pain had improved by that time, but then flared again which caused him to visit Parkview Hospital on March 25, 2017.

Plaintiff admitted he did have some pre-existing conditions, but that the collision aggravated those symptoms for a period of time. Overall, his symptoms went on for two (2) or three (3) months, after which the Plaintiff return[ed] to his baseline condition.

Plaintiff admitted that in the past he had participated in various sporting activities and sustained injuries.

Plaintiff admitted that he suffers from bipolar disorder and receives Medicare benefits.

Defendant admitted that he was at fault in causing the rear-end vehicle collision with Plaintiff.

Defendant testified that he was traveling at five (5) to ten (10) miles per hour at the time of the collision.

Defendant testified that Plaintiff and Defendant spoke to each other moments after the collision, and that Plaintiff did not make any complaints of pain at that time.

Statement of Evidence, pgs. 1-2. Martin also submitted his medical records into evidence.

On May 14, 2018, the trial court entered an order providing in pertinent part:

On December 8, 2016, Plaintiff was involved in an automobile collision on Lafayette Street. Defendant was 100% at fault in causing the collision.

It is Plaintiff's contention that the collision caused injuries (damages) to his head, neck, chest, back, and shoulder.

Plaintiff has the burden of proving by a reasonable medical probability that the collision caused his injuries. *Topp v. Laffers*, 838 N.E.2d 1027 (Ind. App. 2005).

Prior to December 8, 2016, Plaintiff had a history of injuries to his neck and back regions.

The results of Plaintiff's CT scans and X-rays taken on December 8, 2016 reflect multilevel degenerative changes in his cervical spine and mild arthritic changes in his left shoulder.

The injuries that Plaintiff claims were caused by the collision are subjective in nature. A subjective complaint or injury is perceived or experienced by the patient and reported to the patient's doctor but is not directly observable by the doctor. *Foddrill v. Crane*, 894 N.E.2d 1070 (Ind. App. 2008).

In order to establish causation based on the facts and circumstances of this case Plaintiff needs an expert medical opinion. *Daub v. Daub*, 629 N.E.2d 873 (Ind. App. 1994); *Topp v. Laffers*, 838 N.E.2d 1027 (Ind. App. 2005).

The medical records submitted into evidence and Plaintiff's lay testimony regarding his injuries are not sufficient to establish within a reasonable medical probability that the collision on December 8, 2016 caused injuries to Plaintiff.

Plaintiff has failed to meet his burden of proof on the issue of causation.

Appealed Order at 1.

[5] Martin filed a motion to correct error. He contended that the trial court had erroneously relied upon *Topp* and *Daub* "to determine that [he] needed to present expert medical opinion to establish causation" because those decisions involved jury trials. (App. at 92.) Martin also argued, "although a plaintiff in a small claims case still has the burden of proof for his claims, the evidentiary standard to meet that burden of proof cannot be equated to the standard

applicable in a jury setting; otherwise, the entire purpose of the small claims process would be defeated." *Id.* at 93-94. The motion to correct error was denied. Martin appeals.

# Discussion and Decision

## Standard of Review

Small claims judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Martin had the burden of proof on his small claims action and now appeals a negative judgment. When a party appeals from a negative judgment, we will reverse only if the decision of the trial court is contrary to law. *LTL Truck Service, LLC v. Safeguard, Inc.*, 817 N.E.2d 664, 667 (Ind. Ct. App. 2004). A decision is contrary to law if the evidence and reasonable inferences lead to but one conclusion and the trial court has reached the opposite conclusion. *Id.* However, the deferential standard applied to findings of fact does not apply to the substantive rules of law, which are reviewed de novo. *Hastetter v. Fetter Props., LLC*, 873 N.E.2d 679, 683 (Ind. Ct. App. 2007).

## Necessity for Expert Testimony in Small Claims

Martin claims that "expert medical opinion is not necessary to prove causation of a subjective personal injury in a small claims action." Appellant's Brief at 15. He points out that small claims proceedings are intended to be informal,

cost-effective, and expedient, even if complex issues are presented.  In sum, he asserts that:

> Requiring expert medical opinion in a small claims action is contrary to public policy because it will defeat the purpose of the small claims court; it will create a chilling effect on those plaintiffs with small claims for subjective injuries; it will unnecessarily increase the burden on superior and circuit courts; it will result in an unjust windfall to tortfeasors; and it will create confusion for both plaintiffs and defendants alike.

*Id.* at 23.

[8]     Martin correctly observes that small claims proceedings are to be informal. Indiana Small Claims Rule 8(A) provides: "The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise."  Nonetheless, despite the informality of the proceedings, the parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues.  *LTL Truck Service*, 817 N.E.2d at 668.  Although "the method of proof may be informal, the relaxation of evidentiary rules is not the equivalent of relaxation of the burden of proof."  *Id.*  Thus, it remains incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought.  *Id.*  The burden of proof with respect to damages is with the plaintiff.  *Id.* (citing *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind.

Ct. App. 2002)). Martin's public-policy arguments are unavailing; he was required to prove his negligence claim without deviation from the substantive law. We turn to consideration of whether the trial court properly applied the law when it determined that Martin failed to meet his burden.

## Establishment of Negligence Claim

[9] "The tort of negligence consists of three elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; and (3) injury to the plaintiff proximately caused by that breach." *Kincade v. MAC Corp.*, 773 N.E.2d 909, 911 (Ind. Ct. App. 2002). Ramos conceded, and the trial court found, that he was at fault for causing the collision. The third element was in dispute. In reliance upon *Daub v. Daub*, 629 N.E.2d 873 (Ind. Ct. App. 1994), *trans. denied*, and *Topp v. Leffers*, 838 N.E.2d 1027, 1033 (Ind. Ct. App. 2005), *trans. denied* (finding necessity of expert witness testimony when the issue of causation is not within the understanding of a layperson), the trial court concluded that Martin's testimony and medical records were insufficient to establish causation. Martin argues that the trial court erroneously relied upon decisions that he views as "inapplicable because the concerns presented in those cases regarding a lay juror's ability to comprehend medical evidence are not present in a small claims setting." Appellant's Brief at 15. He observes that small claims courts are routinely required to resolve complex issues.

[10] To the extent that Martin suggests the burden of proof is lessened in a small claims case, we have already rejected that contention. To the extent that he

suggests a small claims judge has specialized medical knowledge a layperson or juror does not, we find that argument unpersuasive. The trial court need not have disregarded the reasoning of *Daub* and *Topp* simply because the fact-finders were jurors in those cases.

[11] That said, the cases do not create a rule of law that expert medical testimony is always required in personal injury cases. If a layperson can readily understand the causation, an expert opinion is not necessary. "An essential element in a cause of action for negligence is the requirement of a reasonable connection between a defendant's conduct and the damages which a plaintiff has suffered." *Daub*, 629 N.E.2d at 877. "When an injury is objective in nature, the plaintiff is competent to testify as to the injury and such testimony may be sufficient for the jury to render a verdict without expert medical testimony." *Id.* But a "causal connection between a permanent condition, an injury, and a pre-existing affliction or condition is a complicated medical question." *Topp*, 838 N.E.2d at 1033 (citing *Daub*, 629 N.E.2d at 877-78)). Expert testimony is needed then because a layperson is unable to understand causation in those circumstances. *Id.*

[12] In *Daub*, Patricia Daub had slipped on snow and ice on her in-laws' patio, feeling a jerk but not pain. *See Daub*, 629 N.E.2d at 877. The next day, she felt stiffening. She subsequently received chiropractic treatment and was hospitalized for ten days. She underwent two back surgeries, and then slipped and fell at a grocery store. Years earlier, she had been struck by a car and she had also sustained a whiplash injury. *See id*. Daub testified in the trial of her

personal injury action against her in-laws, but she was unable to distinguish between her various back problems. On appeal, we addressed the deficiency of her testimony relative to causation:

> [I]t is so lacking in probative value on the question of cause in fact that it offers the jury at best only the mere possibility that her back ailment was in fact caused by the slip Mrs. Daub experienced at her in-laws. The distinctions between Mrs. Daubs' various back problems are not objectively discernible, even to Mrs. Daub. The temporal congruity which Mrs. Daub recognized between the slip and her lower back pain is admittedly some evidence of causation, which when coupled with a diagnosis of the nature of her ailment, and an application of scientific principles by one knowledgeable in the treatment of the ailment, may be sufficient to permit a jury to find for the Daubs without resort to speculation. But, in the absence of that additional evidence, Mrs. Daubs' lay report of the facts which she experienced first-hand amounts to nothing more than her own hypothesis that her back ailment was caused by the slip. Alone, Mrs. Daub has established nothing more than the facts which make up her allegation.

*Id.* at 878.

[13] The *Topp* panel relied upon the reasoning of *Daub* and likewise concluded that the testimony of an expert medical witness was necessary to establish the element of causation in her claim for aggravation of pre-existing injuries. 838 N.E.2d at 1033. Yvonne Topp was a passenger in a vehicle that was rear-ended; upon impact, she hit her head and experienced immediate intense pain. *See Topp*, 838 N.E.2d at 1029. The next day, she had pain in her neck and back. Topp, who had already been in several car accidents, sued for

aggravation of pre-existing injuries. Topp's injuries were subjective in nature, rather than objective, because she perceived an injury and reported it to her doctor, but the injury was not one the doctor could observe. *Id.* at 1033.

[14] The Court discussed the necessary burden of proof:

> Because Topp's injuries were subjective in nature, her testimony alone was not sufficient to prove causation without expert medical testimony. *Daub*, 629 N.E.2d at 877. Furthermore, because of Topp's pre-existing injuries, discerning the causal connection between the November 2000 accident and Topp's resulting injuries is a complicated medical question that is not within the understanding of a lay person. *Id.* at 877-78. Therefore, it was necessary for Topp to introduce the testimony of an expert medical witness on the issue of causation. *Id.* Here, Topp did introduce testimony from expert witnesses[.] . . . A plaintiff's burden may not be carried with evidence based merely upon supposition or speculation. *Id.* at 877. Evidence establishing a mere possibility of cause or which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict. *Id.*

*Topp*, 838 N.E.2d at 1033. Because Topp's physicians could opine only that her injuries "possibly" or "may" have been aggravated in the accident, or had noted "apparent" aggravation, causation was not established. *Id.* at 1034.

[15] Martin asserts that his medical records indicate an objective injury – a "left front post traumatic subarachnoid hemorrhage." Statement of the Evidence at 2. The hemorrhage noted in Martin's medical records was "observable by the doctor" and discoverable independent of a patient report. *See Topp*, 838 N.E.2d at 1033. As such, Martin documented an objective injury. The salient inquiry

was then whether the "occurrence was a cause in fact of his injury." *Smith v. Beaty*, 639 N.E.2d 1029, 1033 (Ind. Ct. App. 1994). In some circumstances, causation may be demonstrated without a medical expert stating an opinion to a degree of medical certainty. *Id.* at 1034.

[16] In *Smith*, Larry Smith ("Smith") had been involved in a rollover of his work van and he was trapped inside when a semi-tractor trailer impacted the van, allowing Smith to extricate himself. *See id.* at 1031. Smith was treated for five fractured ribs. His physician could not say whether the rollover or the impact of the semi caused those injuries. On appeal from the grant of judgment on the evidence to the semi driver, a panel of this Court examined the availability of proving causation by circumstantial evidence:

> Causation, or the requirement of a reasonable connection between a defendant's conduct and the damages which a plaintiff has suffered, is an essential element in a negligence action. *Daub v. Daub* (1994), Ind. App., 629 N.E.2d 873, 877, *trans. denied*. … Causation in a negligence case need not always be proven by expert testimony. *See Barrow v. Talbott* (1981), Ind. App., 417 N.E.2d 917, 923 n.3. Causation may be proven by circumstantial evidence if the evidence has sufficient probative force to constitute a basis for a legal inference rather than mere speculation. *Id.* When the issue of causation is within the understanding of a lay person, testimony of an expert witness is not necessary. *See Daub*, 629 N.E.2d at 878 (causal connection between permanent condition, injury and pre-existing condition ordinarily a complicated medical question requiring expert opinion).

*Smith*, 639 N.E.2d 1033-34. In that case, Smith had been able to testify that, after the rollover, he had been able to move his arm through a harness without rib pain and had felt pain only after the semi impact. We concluded that a lay person would be able to determine that the driver's conduct "was *a* cause of Smith's injuries." *Id.* at 1034 (emphasis in original).

[17] The question of proximate cause is generally one left to the factfinder. *Rhodes v. Wright*, 805 N.E.2d 382, 388 (Ind. 2004). "This tends to be the case because the question of causation often requires a weighing of disputed facts." *J.B. Hunt Transport, Inc. v. Guardianship of Zak*, 58 N.E.3d 956, 972 (Ind. Ct. App. 2016). However, causation may be resolved as a matter of law when only a single conclusion can be drawn from the facts. *Id.*

[18] Absent a jury, a trial court acts both as gatekeeper of the evidence to be considered and the fact-finder. Martin testified that he experienced an increase in pain after the vehicular collision. But here in addressing the question of causation, the court foreclosed from its consideration evidence that was not expert medical testimony. Yet, as we observed in *Daub*, the "temporal congruity" between an event and experiencing pain is "admittedly some evidence of causation." 629 N.E.2d at 878. It was therefore error for the trial court to conclude as a matter of law that Martin failed to present evidence on the issue of causation.

[19] It is the plaintiff who determines the injuries for which he will seek compensation. And, it is true that the more complex the causal relationship is

to the injury claimed, the greater the need for expert testimony on the issue presented in order for the plaintiff to meet his burden of proof. But Martin's claim was not for complex or permanent injuries – he simply sought compensation for pain associated with the rear-end automobile accident.

[20] Martin had previously experienced pain in his neck and back. He testified that he felt increased pain after the collision, and the degree and persistency of that pain caused him to seek medical treatment at a hospital. Like the plaintiff in *Smith*, Martin reported to Lutheran Hospital staff a pain that he had not complained of before the accident (i.e., pain at the base of the skull). A CT scan revealed a post traumatic subarachnoid hemorrhage. Martin's medical records included documentation that Martin was considered at medical risk such that he could be discharged only under supervision. He was advised to be alert to any neurological changes.

[21] In addition to his submitting medical records, Martin was a competent witness to testify regarding his pain. *Daub*, 629 N.E.2d at 877. As in *Smith*, the evidence of record in this non-complex claim for temporary injury is such that a layperson could readily understand whether or not the collision was *a* cause of injury to Martin.[2] Martin presented circumstantial evidence having "sufficient probative force to constitute a basis for a legal inference rather than mere

---

[2] "The defendant's act need not be the sole cause of the plaintiff's injuries." *Smith*, 639 N.E.2d at 1034.

speculation." *Smith*, 639 N.E.2d at 1034. Martin did not fail to meet his burden of proof on causation.

[22] Martin testified and presented documentation regarding injury contemporaneous with the collision for which Ramos was at fault. The lack of complexity is such that a factfinder can determine issues of causation and damages without expert testimony. We remand for such determinations by the fact-finder.

# Conclusion

[23] Martin was required to prove his negligence claim without deviation from the substantive law. However, the trial court's conclusion that Martin failed to establish causation as a matter of law is contrary to the evidence. We remand for further consideration consistent with this opinion.

[24] Reversed and remanded.


Bradford, J., and Brown, J., concur.