## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 10 2019, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lonnie Garner, Jr.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

F. Bradford Johnson
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Lonnie Garner, Jr.,

*Appellant-Plaintiff,*

v.

Waleed Jomaan,

*Appellee-Defendant.*

July 10, 2019

Court of Appeals Case No.
18A-SC-2553

Appeal from the
Marion County Small Claims
Court

The Honorable
Gerald B. Coleman, Judge.

Trial Court Cause No.
49K08-1807-SC-4600

**Kirsch, Judge.**

[1] Lonnie Garner, Jr. ("Garner") brought a breach of contract claim in small claims court against Waleed Jomaan ("Jomaan") after Garner purchased a vehicle from Jomaan's employer, Honest Abe's Auto Sales ("Honest Abe's"). The small claims court denied Garner's motion for summary judgment and

entered judgment for Jomaan. On appeal, Garner argues that the small claims court erred when it entered judgment in favor of Jomaan and raises the following issues on appeal: that the small claims court abused its discretion when it did not enter default judgment or grant summary judgment against Honest Abe's; and, that the small claims court erred when it considered the unsworn testimony of Jomaan.

[2] We affirm.

## Facts and Procedural History

[3] On May 8, 2018, Garner purchased a 2002 Lexus ES ("vehicle") "as is" from Honest Abe's for a total of $6,062. *Appellant's App. Vol. 2* at 77. The odometer read that the vehicle had 140,813 miles. *Id.* Garner signed an agreement allowing Honest Abe's to repossess the vehicle if Garner failed to maintain Full Coverage Insurance or if he did not keep current with payments. *Id.* at 92. At some point before July 20, Garner returned the vehicle to Honest Abe's claiming it would not run. *Tr. Vol. II* at 24.

[4] On July 10, 2018, Garner sent a letter to Honest Abe's alleging that Honest Abe's had breached its contract with Garner. *Appellant's App. Vol. 2* at 20. The letter referenced how Honest Abe's informed Garner that the vehicle would be repossessed if Garner failed to maintain Full Coverage Insurance on the vehicle and claimed that Honest Abe's alleged repossession violated Indiana law. *Id.* He further alleged that Honest Abe's sales practices violated Indiana Code

section 24-5-0.5-3(a) because the vehicle was not in operating condition, and he believed that Honest Abe's had deceived him. *Id.* at 21.

[5] On July 11, 2018, Garner filed a breach of contract claim in small claims court against Jomaan requesting $6,000 in damages. *Id.* at 22. On August 16, 2018, Jomaan moved to dismiss Garner's claim because Jomaan was not a party to the transaction, nor was he an owner or officer of Honest Abe's. *Appellee's App. Vol. II* at 7, 9.

[6] Garner's initial complaint did not include Honest Abe's as a party, and on September 5, 2018, Garner filed a motion to amend the complaint to include Honest Abe's. *Appellant's App. Vol. 2* at 35. The motion to amend was granted on September 7, 2018. *Id.* at 40. The record is silent about whether Garner refiled his complaint to include Honest Abe's as a party.

[7] On October 3, Garner filed a motion for summary judgment. *Id.* at 49. In his memorandum in support of summary judgment, Garner stated that the vehicle's odometer was inaccurate when compared to the Indiana Bureau of Motor Vehicles records, and the certificate of title transfer violated the Deceptive Sales Act (Indiana Code § 24-5-0.5-1). *Id.* at 59-60. This motion was denied on October 17, 2018. *Appellee's App. Vol. II* at 5.

[8] A trial was held on October 17, 2018. *Id.* Garner appeared pro se, and Jomaan appeared with counsel. *Id.* At trial, Garner made a number of allegations concerning the condition of the vehicle. *Tr. Vol. II* at 11-12. Jomaan's testimony was taken into evidence despite the fact that he was not sworn. *Id.* at

19. The small claims court concluded that there was no breach of contract and that Garner suffered no damages. *Id.* at 52-53. The court entered judgment for Jomaan. *Appellant's App. Vol. II* at 8. Garner now appeals.

## Discussion and Decision

[9] Small claims court judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Garner had the burden of proof in his small claims action and, thus, appeals from a negative judgment. *See Herren v. Dishman*, 1 N.E.3d 697, 702 (Ind. Ct. App. 2013). We will reverse a negative judgment only if the trial court's decision is contrary to law. *Martin v. Ramos*, 120 N.E.3d 244, 248 (Ind. Ct. App. 2019). "A decision is contrary to law if the evidence and reasonable inferences lead to but one conclusion and the trial court has reached the opposite conclusion." *Id.* (citing *LTL Truck Serv., LLC. v. Safeguard, Inc.*, 817 N.E. 664, 667 (Ind. Ct. App. 2004)).

[10] Garner contends that the small claims court abused its discretion when it failed to enter a default judgment or to grant his motion for summary judgment when Honest Abe's failed to appear at trial. *Appellant's Br.* at 13. The issue before the court was whether it had personal jurisdiction over Honest Abe's.

[11] Personal jurisdiction is reviewed de novo as a question of law. *Wolf's Marine, Inc. v. Brar*, 3 N.E.3d 12, 15 (Ind. Ct. App. 2014). "Where there is no service of process, there can be no personal jurisdiction . . ." *Shotwell v. Cliff Hagan Ribeye Franchise, Inc.* 572 N.E.2d 487, 489 (Ind. 1991). "A copy of the notice of claim shall be served on each defendant." Ind. Small Claims Rule 3(A). The record

does not establish that Honest Abe's was properly served pursuant to Indiana Small Claims Rule 3. Although he was granted permission to amend his complaint, there is no indication that Garner named Honest Abe's as a party. Thus, Honest Abe's was a non-party to the small claims case. It was not obligated to appear at trial, and the small claims court did not err in refusing to enter judgment against it.

[12] Garner also argues that the small claims court abused its discretion when it considered testimony from Jomaan that was not given under oath. Small Claims Rule 8(b) provides, "All testimony shall be given under oath or affirmation." "[A]s a general rule, a party may not present an argument or issue on appeal unless the party raised that argument before the trial court." *Washington v. State*, 121 N.E.2d 617, 625 (Ind. Ct. App. 2004). Failing to object at trial to an issue waives the party's right to object to an issue on appeal. *Id.* Here, Garner failed to object to Jomaan's testimony at trial or to the fact that it was unsworn testimony and has, therefore, waived his right to appeal this issue.

[13] The small claims court did not abuse its discretion.

[14] Affirmed.

Vaidik, C.J., and Altice, J., concur.