

**FILED**

Aug 14 2019, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Edward P. Grimmer
Daniel A. Gohdes
Crown Point, Indiana

ATTORNEY FOR APPELLEE

Alyssa N. Speichert
Newby Lewis Kaminski & Jones,
LLP
LaPorte, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Northern Indiana Public Service
Company,

*Appellant-Plaintiff,*

v.

Josh's Lawn & Snow, LLC,

*Appellee-Defendant.*

August 14, 2019

Court of Appeals Case No.
19A-SC-259

Appeal from the Lake Superior
Court

The Honorable Julie N. Cantrell,
Judge

The Honorable Michael N.
Pagano, Magistrate

Trial Court Cause No.
45D09-1803-SC-669

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Northern Indiana Public Service Company (NIPSCO), appeals the small claims court's attribution of fault to nonparty Ziese & Sons Excavating, Inc. (Ziese) in its suit against Josh's Lawn & Snow, LLC (Josh's).

We affirm.

# ISSUE

NIPSCO presents one issue on appeal, which we restate as: Whether the small claims court's judgment attributing fault to nonparty Ziese in its award of damages to NIPSCO was clearly erroneous.

# FACTS AND PROCEDURAL HISTORY

In the spring of 2017, Armani Development, Inc. (Armani) was constructing new homes in Schererville, Indiana. One of those homes was located at 406 Waterford Circle South (the home), where a natural gas line owned and operated by NIPSCO had been installed. Armani hired Ziese to grade the soil around the home and to install a drainage swale. In the process of installing the swale, Ziese removed sixteen-to-eighteen inches of soil, which left part of NIPSCO's gas line covered with only approximately two inches of soil. Ziese did not puncture or damage NIPSCO's gas line.

Armani hired Josh's to do landscaping work at the home. Josh's did not contact NIPSCO prior to commencing work at the home, as required by Indiana's Underground Plant Protection Act (UPPA), so that NIPSCO could

mark any underground gas lines at the home. On April 26, 2017, after the drainage swale had been installed, a Josh's employee used a Bobcat-style pulverizing machine to loosen the soil in preparation for planting grass. The pulverizing machine had one-inch spikes that penetrated and crushed the ground. In the process of pulverizing, Josh's employee punctured NIPSCO's gas line. The gas line was shut off and quickly repaired.

[6] On March 13, 2018, NIPSCO brought suit in small claims court against Josh's seeking $1,020.74 for the cost of the repairs to its gas line and $1,750 in statutory attorney's fees. NIPSCO alleged breach of statutory duties under the UPPA, common law negligence, and trespass. In its answer to NIPSCO's complaint, Josh's asserted the nonparty defense that Ziese had partially or fully caused NIPSCO's claimed damages.

[7] On November 19, 2018, the small claims court held a trial on NIPSCO's complaint. NIPSCO argued that Josh's had breached its statutory duty under the UPPA to alert NIPSCO of its intention to excavate around the home so that markers could be placed, and the line avoided. NIPSCO contended that the UPPA did not provide any exemption for those excavating the surface of ground, did not provide that excavators maintain soil depth such that Josh's could not presume adequate gas line depth, and did not create an exemption allowing subcontractors to rely upon their general contractors to warn of shallow-depth lines. As a result, NIPSCO argued that no fault could be attributed to Ziese. Josh's argued that up to 95% of fault could be attributed to Ziese, as it had left only two inches of soil covering NIPSCO's gas line when it

installed the drainage swale. The small claims court ruled in favor of NIPSCO but attributed 90% fault to Ziese and 10% of fault to Josh's. The small claims court did not enter any special findings of fact or conclusions of law. On December 6, 2018, NIPSCO filed a motion to correct error which the small claims court denied without a hearing.

[8] NIPSCO now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[9] NIPSCO appeals the small claims court's attribution of fault to nonparty Ziese. We begin by noting that this matter was litigated in a small claims court. Judgments rendered by a small claims court are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). The Indiana trial rules apply to small claims proceedings to the extent that they do not conflict with the small claims court rules. *Summit Account & Comput. Serv. v. Hogge*, 608 N.E.2d 1003, 1005 (Ind. Ct. App. 1993). Pursuant to Trial Rule 52(A), the findings or judgments rendered by a small claims court are upheld unless they are clearly erroneous. Because small claims courts were designed to dispense justice efficiently by applying substantive law in an informal setting, this deferential standard of review is particularly appropriate. *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 689 (Ind. Ct. App. 2012). We consider the evidence most favorable to the judgment and all reasonable inferences to be drawn from that evidence. *Id.* However, we still review issues of substantive

law *de novo*. *Id*. The burdens of proof are the same in a small claims suit as they would have been if suit had been filed in a trial court of general jurisdiction. *Martin v. Ramos*, 120 N.E.3d 244, 249 (Ind. Ct. App. 2019).

## II. *Comparative Fault*

[10] Pursuant to Indiana's comparative fault statute, in a suit for recovery of harm to property, "a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." Ind. Code §§ 34-51-2-1, -14. The defendant bears the burden of proof of the nonparty defense, although the claimant retains the burden of proving that the defendant caused, in whole or in part, the claimed damages. I.C. § 34-51-2-15. It is well-settled "that the allocation of fault is entrusted to the sound judgment of the factfinder." *Carney v. Patino*, 114 N.E.3d 20, 32 n.8 (Ind. Ct. App. 2018), *trans. denied*.

[11] The small claims court attributed 90% of the fault for NIPSCO's damages to Ziese. Relying on the Underground Plant Protection Act, NIPSCO argues that it proved that Josh's was 100% liable for its damages because Ziese did not owe a legal duty of care to NIPSCO to retain any certain depth of soil over NIPSCO's gas line. In light of this lack of legal duty, NIPSCO contends that the small claims court erred as a matter of law by attributing any fault to Ziese because "[f]ault can be assigned only to a person, whether a party or non-party, who has a duty of care." (Appellant's Br. p. 17, bold removed).

[12] This argument misses the mark because the small claims court was not required to find that Ziese had a legal duty of care toward NIPSCO in order to attribute

fault to Ziese. In *Bulldog Battery Corporation v. Pica Investments, Inc.*, 736 N.E.2d 333, 336 (Ind. Ct. App. 2000), property owner Pica Investments sued neighbor Bulldog Battery for negligence when Bulldog's property improvements led to increased runoff and flooding of Pica's property. Bulldog asserted a nonparty defense that the negligent designs of its architect contributed to Pica's damages. *Id.* at 337. Pica argued that Bulldog could not name its architect as a nonparty defendant because, pursuant to caselaw, an architect owed no duty to third parties such as Pica absent contractual privity or a design that was so negligent as to create an imminently dangerous condition. *Id.* In reversing the trial court's grant of summary judgment to Pica on Bulldog's nonparty defense, the court noted that until 1995, the comparative fault statute defined a nonparty as "'*a person who is, or may be[,] liable to the claimant* in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant." *Id.* (quoting I.C. § 34-4-33-2(a), emphasis in opinion). The statute was subsequently amended to define a nonparty as "'*a person who caused or contributed to cause the alleged injury*, death, or damage to property but who has not been joined in the action as a defendant.'" *Id.* at 338 (quoting I.C. § 34-6-2-88, emphasis in opinion). Drawing on the change of statutory definition, the court rejected Pica's argument that "'[i]n naming a person as a nonparty, it is implicit that some legal duty must exist as to the plaintiff.'" *Id.* The court found that the amendment to the definition of 'nonparty' specifically excluded the concept of liability to focus instead on causation. *Id.* Thus, the court concluded that "whether or not the nonparty may be liable to the plaintiff is no longer a consideration." *Id.* We similarly reject the contention that Ziese must

have owed a legal duty to NIPSCO in order to be found partially at fault for Josh's damage to the gas line.

[13] NIPSCO devotes much of its appellate argument to outlining its reasons why Josh's was at fault for its claimed damages. It argues that Josh's activity at the home qualified as excavation under the UPPA, Josh's failed its duty imposed by the UPPA to notify NIPSCO of its plan to excavate, failed to plan its excavation to avoid injury to the line, and pulverized over the gas line even though the evidence suggested the line was visible to the Josh's employee at the time. We find that these arguments and others illustrating Josh's negligence are unavailing because the small claims court already found Josh's to be at fault, they do not buttress NIPSCO's claim that the trial court erred as a matter of law in attributing fault to Ziese, and because NIPSCO does not argue on appeal that the small claims court should have assessed different percentages of liability to Ziese and Josh's.

[14] Regarding the issue of whether Josh's proved that Ziese partially caused the damage to the gas line, NIPSCO claims "for Ziese to be at fault, to be a proximate cause, there needed to be a duty of care Ziese owed to [NIPSCO], and further its deviation from that standard of care." (Appellant's Br. p. 18). We find this to be nothing more than a restatement of NIPSCO's legal duty claim which we have already rejected, so we do not address the issue of causation further. Because NIPSCO has not shown that the small claims court made any errors of law, we cannot say that the small claims court's judgment attributing fault to Ziese was clearly erroneous. *See* T.R. 52(A).

# CONCLUSION

Based on the foregoing, we conclude that the small claims court's judgment attributing 90% fault to nonparty Ziese was not clearly erroneous.

Affirmed.

Vaidik, C. J. and Bradford, J. concur