# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 27 2020, 8:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Karen C. Roebuck
Chicago, Illinois

ATTORNEY FOR APPELLEE

Ameen R. Najjar
State Farm Litigation Counsel
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Karen C. Roebuck,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Andrew Paul Christensen,<br>*Appellee-Defendant* | March 27, 2020<br><br>Court of Appeals Case No.<br>19A-SC-2337<br><br>Appeal from the Washington Township of Marion County Small Claims Court<br><br>The Honorable Steven G. Poore, Judge<br><br>Trial Court Cause No.<br>49K07-1902-SC-730 |

**Crone, Judge.**

# Statement of the Case

Karen Roebuck sued Andrew Paul Christensen in small claims court, claiming that her vehicle lost $4000 in value as a result of being involved in a collision caused by Christensen. The trial court found in favor of Christensen, and Roebuck now appeals. We affirm.

# Facts and Procedural History

On March 11, 2018, Roebuck was driving a 2015 Volvo and traveling north on Washington Boulevard toward its intersection with Kessler Boulevard in Indianapolis. At that time, Christensen was parked in a vehicle facing north on Washington Boulevard when he pulled away from a parked position and caused a collision with Roebuck's vehicle. The parties agree that the collision was a result of Christensen's negligence, and that the collision caused damage along the right side of Roebuck's vehicle.

Roebuck had the damage to her vehicle repaired between March 13 and April 10, 2018, at Howard Orloff Volvo in Chicago, Illinois, for $7009. The record indicates that Roebuck's vehicle had already been damaged and repaired following two previous accidents. Specifically, the vehicle's rear bumper was repaired in October 2016 for $510.84, and the passenger door was repaired in January 2017 for $1496.88. On March 9, 2019, Roebuck sold her vehicle to Jonathan V. Warsh for $19,200. The agreement indicated that $17,000 was for the vehicle and $2200 was for warranties.

[4] On February 25, 2019, Roebuck filed a notice of claim in the Washington Township Small Claims Court alleging,

> The Plaintiff complains of the Defendant and says that the Defendant is indebted to the Plaintiff in the sum of $4000 because of a crash that occurred on March 11, 2018 due to the negligence of [Christensen]. The crash was on Washington Blvd in Indianapolis, Indiana. This crash created a loss of value, or deminished [sic] value to Plaintiff's vehicle. Greg Leach, Sales Manager at dealership that repaired the vehicle reports a deminished [sic] value of $4,000 as a result of the crash.

Appellant's App. Vol. 2 at 6.

[5] A small claims trial was held on June 27, 2019. During trial, Roebuck submitted, among other things, the affidavit of Greg Leach from Howard Orloff Volvo. Leach stated that he evaluated Roebuck's vehicle on April 11, 2018, after it had been repaired following Roebuck's collision with Christensen. Taking into account all three collisions, Leach stated that the assessed value of Roebuck's vehicle prior to the third collision was $21,000. Leach stated that he could "with a great deal of certainty" assess the value of Roebuck's vehicle after the third collision as $17,000. Ex. Vol. at 22. Accordingly, Leach concluded that the third collision resulted in a $4000 loss of value for the vehicle.

[6] On September 3, 2019, the trial court issued extensive findings of fact and judgment. Specifically, the court found in relevant part:

> 20. Plaintiff request[s] that the court find that plaintiff's vehicle had a fair market value of $21,000 immediately before the March 11, 2018 accident caused by defendant and a fair market value of

$17,000 after the vehicle was repaired. Nevertheless, the plaintiff sold the vehicle eleven (11) months later for the same amount that plaintiff's expert, Greg Leach, valued the vehicle in April 2018.

… .

22. It is reasonable and within the knowledge of a lay person to conclude that a 4 year old motor vehicle will depreciate in value over eleven (11) months.

23. Plaintiff's sale in March 2019 for the fair market value claimed in April 2018 undermines the assertion by Greg Leach that the plaintiff's vehicle had a fair market value of $17,000 in 2018.

24. Plaintiff's evidence does not include depreciation between the time the repairs were completed and the time of trial and[/]or how they can be reconciled with plaintiff's request for damages calculated on the value in April 2018.

Appealed Order at 4-5. Accordingly, the court entered judgment in favor of Christensen and against Roebuck. Roebuck filed a motion to correct error, which was subsequently denied by the trial court. This appeal ensued.

## Discussion and Decision

[7] We begin by noting that Roebuck brings this appeal after a negative judgment against her in small claims court. "On appeal, we will not reverse a negative judgment unless it is contrary to law." *Kim v. Vill. at Eagle Creek Homeowners Ass'n*, 133 N.E.3d 250, 252 (Ind. Ct. App. 2019). That is to say, the "judgment will be reversed only if the evidence leads to but one conclusion, and the trial

court reached the opposite conclusion." *Id*. "Our standard of review in small claims cases is particularly deferential in order to preserve the speedy and informal process for small claims." *Heartland Crossing Found., Inc. v. Dotlich*, 976 N.E.2d 760, 762 (Ind. Ct. App. 2012).

[8] The court here issued a five-page judgment including findings of fact. Another panel of this Court has recently explained,

> Pursuant to Trial Rule 52(A), the findings or judgments rendered by a small claims court are upheld unless they are clearly erroneous. Because small claims courts were designed to dispense justice efficiently by applying substantive law in an informal setting, this deferential standard of review is particularly appropriate. We consider the evidence most favorable to the judgment and all reasonable inferences to be drawn from that evidence. However, we still review issues of substantive law *de novo*. The burdens of proof are the same in a small claims suit as they would have been if suit had been filed in a trial court of general jurisdiction.

*N. Ind. Pub. Serv. Co. v. Josh's Lawn & Snow*, LLC, 130 N.E.3d 1191, 1193 (Ind. Ct. App. 2019).

[9] We must also acknowledge that Roebuck is proceeding pro se. However, "this does not mean that we will treat [her] brief any differently than we would if [she] was represented by counsel. Indeed, it has long been the rule in Indiana that pro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Receveur v. Buss*, 919 N.E.2d 1235, 1238 n.4 (Ind. Ct. App. 2010) (italics omitted), *trans. denied*.

[10] Roebuck purports to raise several issues on appeal that we may easily consolidate into one: Whether the trial court's judgment is clearly erroneous or contrary to law. We conclude that it is neither.

[11] "It is a well-established principle that damages are awarded to fairly and adequately compensate an injured party for her loss, and the proper measure of damages must be flexible enough to fit the circumstances." *Bader v. Johnson*, 732 N.E.2d 1212, 1220 (Ind. 2000). "In tort actions generally, all damages directly related to the wrong and arising without an intervening agency are recoverable." *Id*. The trial court here specifically looked to this Court's opinion in *Wiese-GMC, Inc. v. Wells*, 626 N.E.2d 595, 599 (Ind. Ct. App. 1993), *trans. denied* (1994), which summarized the law regarding damages for the diminution in value of personal property as follows:

> [T]he fundamental measure of damages in a situation where an item of personal property is damaged, but not destroyed, is the reduction in fair market value caused by the negligence of the tort feasor. This reduction in fair market value may be proved in any of three ways, depending on the circumstances. First, it may be proved by evidence of the fair market value before and the fair market value after the causative event. Secondly, it may be proved by evidence of the cost of repair where repair will restore the personal property to its fair market value before the causative event. Third, the reduction in fair market value may be proved by a combination of evidence of the cost of repair and evidence of the fair market value before the causative event and the fair market value after repair, where repair will not restore the item of personal property to its fair market value before the causative event.

The plaintiff bears the burden of proving the fair market value of the property. *Campins v. Capels*, 461 N.E.2d 712, 719 (Ind. Ct. App. 1984).

[12] Roebuck attempted to prove her damages (reduction in fair market value) by presenting evidence of the fair market value of her vehicle before and the fair market value after it had been repaired following the collision with Christensen. However, the trial court simply did not find her evidence credible. Specifically, the court determined that the credibility of Roebuck's evidence of reduction of fair market value was undermined by the fact that she sold the vehicle eleven months after the appraisal for the exact same amount as the appraisal. This was the prerogative of the trial court, as the trier of fact, and we will defer to its credibility determination. Contrary to Roebuck's suggestion, the trial court was not obligated to accept her valuation of the vehicle simply because it was unrebutted by Christensen. Moreover, it was well within the discretion of the trial court, in evaluating the credibility of Roebuck's fair market/diminished value evidence, to sua sponte observe that a four-year-old vehicle will lose at least some value over eleven months. *See generally Wolverine Mut. Ins. Co. v. Oliver*, 933 N.E.2d 568, 572 (Ind. Ct. App. 2010) (noting informal small claims process and finding "no meaningful rationale" that would justify forbidding small claims court from sua sponte soliciting or considering argument not put forth by parties), *trans. denied* (2010). Although Roebuck argues that the trial court confused and conflated diminished value with depreciation, the court was making no substantive determination regarding either. Rather, the court was simply observing the fact that Roebuck sold her vehicle eleven months after

appraisal for the exact same amount, despite obvious depreciation, calls the credibility of that appraisal, and hence the resulting diminished value calculation, into question. In short, the trial court concluded that Roebuck did not meet her burden to prove a $4000 reduction in fair market value of her vehicle caused by Christensen's negligence. That conclusion was neither clearly erroneous nor contrary to law, and therefore we affirm.

[13] Affirmed.

Bailey, J., and Altice, J., concur.