


FILED

Jun 14 2024, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Hetty Incorporated,

*Appellant-Plaintiff*

v.

Alex D. Weems,

*Appellee-Defendant*

---

June 14, 2024

Court of Appeals Case No.
24A-SC-148

Appeal from the Lake Superior Court

The Honorable David W. Urbanski, Magistrate

Trial Court Cause No.
45D12-2309-SC-4731

---

**Opinion by Judge Crone**
Judges Bradford and Tavitas concur.

**Crone, Judge.**

## Case Summary

Hetty Incorporated (Hetty) appeals the small claims court's judgment in favor of Alex Weems. We affirm.

## Facts and Procedural History

On the afternoon of March 6, 2023, Weems was driving his 2022 Tesla near an elementary school in Hammond when his car was "hit on [the] left-hand side by a fifteen-passenger cargo van." Tr. Vol. 2 at 5. Weems "lost control" of his car, which crossed "over the middle line," traveled onto a sidewalk, struck a fence and building, and came to rest partially wedged "under a semi-truck[.]" *Id*. at 8, 9, 12. Weems was in his car "for some time before" he exited it "via the window." *Id*. at 8. By then, the van and its occupants had left the scene. *Id*. at 23-24. However, a camera on Weems's car had captured an image of the van's license plate, which Weems shared with his insurance company and with a police officer who investigated the accident. *Id.* at 24. Thereafter, the van's vehicle identification number, the names of its owners (Michael and Natalie Fowler), the fact that it was a company vehicle, and the owners' insurance policy were discovered. *Id*. at 7, 8, 24, 25.

In September 2023, Hetty, the owner of the fence and building, filed a notice of claim seeking $7,724.95 from Weems. At an October small claims hearing, Hetty introduced a photograph showing Weems's car's post-collision resting place, a photo of the damaged fence and building, and a $7,724.95 estimate to

fix the fence and building. Weems introduced a video clip that the camera on his car had taken at the time of the collision and which he had saved to his cell phone. Hetty's counsel moved to admit the video clip into evidence, and the trial court noted that the video clip would be "Defendant's A." *Id*. at 15. The trial court, Hetty's counsel, and Weems viewed the video clip more than once. When asked if his insurance company was "pursuing any legal matter against the Fowlers," Weems replied that, to his knowledge, his "insurance was not. They settled that with their insurance claim." *Id*. at 25. Weems received an "insurance check to take care of [his] vehicle[.]" *Id*.

[4] The trial court asked Hetty's counsel, "[W]hat exactly did Mr. Weems do wrong in this matter?" *Id*. at 26. Hetty's counsel responded that "speed is what caused this accident[,]" specifically, speed in excess of a twenty "miles per hour school zone." *Id*. at 26-27. Hetty's counsel admitted that he had "no direct knowledge" of the speed of Weems's car, acknowledged the "contact between the" van and Weems's car, and asserted that Weems had named "no nonparty[.]" *Id*. at 27. Toward the conclusion of the hearing, the trial court clarified Hetty's counsel's argument: traveling over twenty miles an hour in a school zone constituted "the negligent operation" of Weems's car, which led to the damaged fence and building. *Id*. at 29-30. The trial court entered a defense verdict on October 27, 2023.

[5] In November 2023, Hetty filed a motion for copy of trial transcript and exhibits. The trial court entered an order for transcript and exhibits and an order that Weems supply two copies of the video clip that had been admitted as a trial

exhibit. Hetty filed a motion to correct error. Weems filed no response. In a December 2023 order, the trial court issued a four-page order denying Hetty's motion to correct error. Hetty appeals.[1]

## Discussion and Decision

Hetty challenges the small claims court's judgment in favor of Weems. Weems did not file an appellee's brief. In such a case, we need not develop an argument for him "but instead will reverse the trial court's judgment if [Hetty's] brief presents a case of prima facie error." *In re Adoption of E.B.*, 163 N.E.3d 931, 935 (Ind. Ct. App. 2021) (citation and quotation marks omitted). Prima facie error means "at first sight, on first appearance, or on the face of it." *Jenkins v. Jenkins*, 17 N.E.3d 350, 352 (Ind. Ct. App. 2014). "Still, we are obligated to correctly apply the law to the facts in the record to determine whether reversal is required." *Id.*

Small claims proceedings are informal and are not "bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." Ind. Small Claims Rule 8(A). Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). "We review facts from a bench trial under the clearly erroneous standard[.]" *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011).

---

[1] The video clip was not included in the record before us on appeal.

"The small claims court is the sole judge of the evidence and the credibility of witnesses, and on appeal we neither reweigh the evidence nor assess the credibility of the witnesses." *Heartland Crossing Found., Inc. v. Dotlich*, 976 N.E.2d 760, 762 (Ind. Ct. App. 2012). "This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting." *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 689 (Ind. Ct. App. 2012) (citation omitted). Although the method of proof may be informal, the party bearing the burden of proof must demonstrate that he is entitled to the recovery sought. *Spainhower v. Smart & Kessler, LLC*, 176 N.E.3d 258, 263 (Ind. Ct. App. 2021), *trans. denied* (2022). We review questions of law de novo. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

[8] Citing Indiana's Comparative Fault Act, Hetty asserts that the trial court committed reversible error by allowing Weems to raise a nonparty defense without requiring him to "specifically identify and name" the nonparty. Appellant's Br. at 6. Hetty contends that Weems lost control of his car and hit the fence and building, which are stationary objects to which no fault may be attributed. As such, Hetty maintains that fault for the collision rests solely with Weems.

[9] Pursuant to Indiana's Comparative Fault Act, in a suit for recovery of harm to property, "a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." Ind. Code §§ 34-51-2-1, -14. Generally, a defendant must "affirmatively plead" a nonparty defense. Ind.

Code § 34-51-2-15; *see also* Ind. Code § 34-51-2-16 (outlining when nonparty defense must be pleaded). However, Indiana Small Claims Rule 4(A), entitled, "Preservation of Defenses," provides that "[a]ll defenses shall be deemed at issue *without* responsive pleadings, but this provision shall not alter the burden of proof." (Emphasis added). The claimant retains the "burden of proving that fault on the part of the defendant or defendants caused, in whole or in part, the damages of the claimant." Ind. Code § 34-51-2-15. It is well settled that the allocation of fault is entrusted to the factfinder's sound judgment. *N. Ind. Pub. Serv. Co. v. Josh's Lawn & Snow, LLC*, 130 N.E.3d 1191, 1194 (Ind. Ct. App. 2019).

[10] Because the present case was brought as a small claims matter, Weems was not required to formally plead a nonparty defense. *See Wells v. Trinity Universal Ins. Co.*, 655 N.E.2d 514, 515 (Ind. Ct. App. 1995) (concluding that defendants in small claims action "were not required to plead a non-party defense. *See* S.C.R. 4(A)."). Thus, it was sufficient for Weems to contend at the hearing that his car lost control because it was hit by a van. Hetty is correct that Weems did not know who was driving the van at the time of the collision. However, Weems did provide the names of the van's owners and explained that his car's camera had captured an image of the van's license plate, which he gave to police and to his insurance company. Although the testimony is sparse, it appears that

between Weems's insurance and the Fowlers' insurance, Weems received an insurance payout check for his car.[2]

[11] The trial court heard Weems's nonparty defense and ultimately determined that Hetty did not meet its burden of proof. In its order denying Hetty's motion to correct error and confirming that Hetty would recover nothing, the trial court took great pains to explain its reasoning as follows:

> 12. Damages directly attributable to the wrong done are recoverable.
>
> 13. The damages claimed must be reasonably ascertainable and not based upon mere speculation or conjecture.
>
> 14. The law provides that a party seeking judgement must prove both liability and damages before judgement may be entered in their favor.
>
> 15. The Court finds the Plaintiff alleged that the Defendant negligently operated his vehicle which resulted in damage to the Plaintiff's fence.
>
> 16. The Court finds the Plaintiff's allegation of negligence was predicated upon the speed [in excess of the speed limit] of the Defendant's vehicle.

---

[2] It is unclear whether Hetty communicated with the police, with Weems's insurance company, or with the Fowlers' insurance company.

….

18. The Court finds the Plaintiff's allegation was that the applicable speed limit was relative to the area [reduced speed limit pursuant to being a school zone] in which the Defendant's alleged negligence occurred.

….

24. The Court finds speed limits applicable to school zones are indicated by signs/markings utilizing flashing yellow lights that announce the reduced, school zone speed limit is applicable when flashing [or when children are present].

….

26. The Court finds the Plaintiff failed to submit evidence of any signs/markings utilizing flashing yellow lights that announced the reduced, school zone speed limit is applicable when flashing [or when children are present] to establish the application of the reduced school zone speed limit at the time of the Defendant's alleged negligence.

….

31. The Court finds the Plaintiff failed to establish that the Defendant's alleged negligence occurred within [a] geographical area that had reduced speed limit because of the application of the reduced school zone speed limit.

32. The Court finds the Plaintiff submitted no evidence of the speed of the Defendant's vehicle.

33. The Court finds the Plaintiff's contention that the Defendant was engaged in a speed contest with another vehicle asks the Court to engage in conjecture, speculation and assumption in producing a verdict in his favor.

Appellant's App. Vol. 2 at 18-19.

[12] In sum, the trial court found that Hetty did not prove the speed limit that was applicable at the time that Weems was traveling on the particular road, nor did Hetty prove the speed at which Weems was driving, let alone that he was exceeding the applicable speed limit. As such, the trial court determined that Hetty did not prove that Weems was at fault in whole or in part for the damage to the fence and building. Given the circumstances presented, and the deferential standard we apply to the factfinder's judgment when the allocation of fault is at issue, we cannot say that Hetty established prima facie error. Accordingly, we affirm.

[13] Affirmed.

Bradford, J., and Tavitas, J., concur.

ATTORNEY FOR APPELLANT

Douglas K. Walker
The Gladish Law Group
Highland, Indiana